42  107<br>104  429<br>d104 637<br>105  224

## GLENN & PRYCE v. STATLER ET AL.

1. EQUITY: MISTAKE OF LAW. Pending an action commenced by attachment, the defendant directed a scrivener to prepare a delivery bond. The bond as drawn was conditioned to pay whatever judgment might be rendered against the defendant. and was signed by him in ignorance of its legal effect: *Held*, that such ignorance did not afford ground of equitable relief.

2. ———: SURETY: NEGLIGENCE. The surety, having signed the instrument without reading it, upon the representation of another that it was a delivery bond, was guilty of negligence depriving him of all claim to relief in equity.

*Appeal from Johnson Circuit Court.*

TUESDAY, DECEMBER 14.

ON the 6th day of March, 1873, the plaintiffs filed their petition claiming of the defendant Statler the sum of $326.52, and asking a writ of attachment. On the 7th of March an attachment issued and was levied upon certain personal property, as the property of Statler. On the same day Statler, with the defendant Wray, executed to Samuel McCaddon, the sheriff, a bond reciting that said McCaddon, as sheriff of Johnson county; by virtue of a writ of attachment, in an action wherein Glenn & Pryce are plaintiffs and Andrew H. Statler is defendant, had levied upon and attached certain

described personal property, the property of Andrew Statler, and that said Statler desires to have said levy and attachment discharged, and to obtain restitution of said property, and containing the following condition: "Now, therefore, if the said A. H. Statler shall in all things well and truly perform all and any judgment of said court, commencing on the 17th day of March, 1873, which may be rendered against him in said action, then this bond to be void; otherwise, to be and remain in full force and effect." This bond is indorsed, "Delivery bond." It was accepted by the sheriff, and returned to the clerk and filed.

The defendants filed their cross-bill in equity, alleging in substance that on the 6th day of March, 1873, plaintiffs commenced an action against A. H. Statler, and caused a writ of attachment to be levied upon "one blacksmith shop, with the tools contained therein; one wagon-making shop, with tools, benches, lumber, wagons and all the material used in said shop to carry on said business."

That all of the property so levied upon was covered by a mortgage executed to one J. H. Alt, by Statler, to secure a sum greater in amount than the value of the property mortgaged.

That Statler proposed to retain the property in his possession and to execute to the sheriff a bond conditioned that the property should be delivered to him within twenty days after the rendition of any judgment against Statler, provided it should appear that the mortgage interest of Alt was not prior to any interest of plaintiff under the attachment.

That Statler, Wray and Alt secured the services of a scrivener, and directed him to draw a bond containing the conditions above named.

That the scrivener drew a bond which he represented to be such as he had been directed to draw, and presented the same to Statler and Wray for their signatures, who signed and delivered the same to the sheriff, believing it to contain the conditions by them directed to be inserted, and the sheriff suffered the property to remain in the possession of Statler. That by mistake and oversight of the scrivener the bond was

conditioned to pay Glenn & Pryce whatever judgment should be rendered against Statler, and that, if they had known the condition of said bond, they would not have signed it. The defendants presented and offered to file a bond for the delivery of the property, and asked that the bond by them delivered to the sheriff be corrected, so as to accord with their original understanding, or that it be canceled, and the one offered by them be substituted therefor.

On the 1st day of April, 1874, the issue in the original law action was submitted to the jury, and a verdict and judgment were rendered against Statler for $343.83.

At the same time it was ordered that proceedings upon the judgment bond, or against C. B. Wray, be stayed until the determination of the cross-petition in equity.

At the September term of the court, the issues made upon the cross-petition were tried, and the court dismissed the cross-petition and rendered judgment against Wray upon the bond for performance of judgment, for the amount of the verdict and interest in the law case. The defendants appeal.

*Clark & Haddock*, for appellants.

*Fairall & Bonorden*, for appellees.

DAY, J.—I. Statler and Alt together applied to one G. A. Ewing and procured him to prepare the bond. There is a conflict in the testimony as to whether they directed him to prepare a delivery bond, or simply told him that Statler desired to execute a bond which would enable him to remain in possession of the attached property. Statler, however, admits that the bond was read over to him before he signed it. He knew what the terms of the bond were, when he signed it. If he made any mistake, it was not in supposing that the bond contained conditions other than it contained in fact, but in supposing the legal effect of the conditions incorporated into the bond to be different from what it is in fact. His mistake was one of law, and not of fact. As to him, the case falls fully within the principle of *Moorman &*

1. EQUITY: mistake of law.

*Greene v. Collier*, 32 Iowa, 138. Although that case was one at law, yet the principle determined is equally applicable in equity. It is a general doctrine of equity that a mistake of law furnishes no ground for relief; and in Story's Equity Jurisprudence, Sec. 116, it is said that, "whatever exceptions to this rule there may be, they are not only few in number, but they will be found to have something peculiar in their character, and to involve other elements of decision." See, also, Sec. 137, and cases cited in notes.

II. The testimony shows that, after Statler had signed the bond, Alt took it to Wray and told him it was a delivery bond, and he signed it without reading it. There is no element of fraud or imposition in the case, for the evidence shows that Alt believed the bond to be a delivery bond. And, even if Alt fraudulently misrepresented the condition of the bond, the plaintiffs were in no way connected therewith, and cannot be held responsible therefor. All that can be said is, that Wray signed the paper without reading it, supposing its conditions to be different from what they are.

2. ———: surety : negligence.

His gross negligence is an insuperable objection to the granting him relief on the ground of mistake. In Story's Equity Jurisprudence, Sec. 146, it is said: "It is not, however, sufficient in all cases, to give the party relief, that the fact is material; but it must be such as he could not by reasonable diligence get knowledge of, when he was put upon inquiry. For, if by such reasonable diligence he could have obtained knowledge of the fact, equity will not relieve him; since that would be to encourage culpable negligence." See *Penny v. Martin*, 4 Johnson's Ch., 566; *Butman v. Hussy*, 30 Maine, 263.

The judgment is

AFFIRMED.