## GERALD v. ELLEY.

1. **Conveyance: COVENANTS.** The grantor cannot escape liability upon the covenants in a deed on the ground of mistake therein when the deed expressed what both parties intended, and he was simply mistaken as to the legal effect of the instrument.

2. ———: ———: RIGHT OF WAY. The fact that the grantee knew of the existence of a railroad over land conveyed to him with the usual covenants of warranty, will not entitle the grantor to a reformation of the deed excepting such incumbrance from its covenants.

*Appeal from Mitchell District Court.*

SATURDAY, DECEMBER 16.

THE defendant conveyed to the plaintiff certain real estate, with the usual and ordinary covenants, and this action is brought thereon, the breach alleged being that the land was incumbered with the right of way to a certain railroad company.

The defendant filed an equitable answer, the material portions of which are: "That the said plaintiff, then knowing of the said right of way of said railroad company, and also knowing that a certain public road was also laid out and established, worked and traveled, across and over said premises, proposed to this defendant to exchange and give this defendant the said farm which said plaintiff then owned in said Floyd county for this said farm and land described in said plaintiff's petition; that he would exchange farms as they were with the said incumbrances thereon and subject thereto, and each party should leave the loose lumber, rails and fuel on the said farms as they were, and also a certain quantity of grain then being on each, and that this defendant then agreed to said offer, and said exchange was so made upon this agreement; that when the said deed was made and executed, by mistake and oversight it was omitted to be stated in said deed that the said premises were incumbered by said right of way of said railroad company and by said highway, and by mistake and oversight he omitted to state or cause to be stated in said deed

that the general covenants therein that said premises were free from incumbrances should not operate as against said incumbrances of said highway and said right of way of said railroad company, as it should have done to express the real terms of said agreement and the understanding of the said parties thereto; that at the time the said deed to said plaintiff was executed, the plaintiff was not present, and had no knowledge of any instructions or orders given to the conveyancer who drew up and wrote out said deed, and knew nothing of its contents until some days afterward, when the same was delivered to him by said defendant; that said plaintiff, then well knowing that said deed did not express the true contract between the said parties, and that said deed was a deed of full covenants against all such incumbrances, and that said deed should have specified that the covenants therein did not operate to cover the incumbrances of said highway and said railroad company, and that he fraudulently concealed said knowledge from the defendant, and fraudulently accepted the same, and now fraudulently seeks to enforce the covenants therein."

Defendant asked that the deed be reformed, and for general relief.

The reply denied the allegations in the answer, and there was a trial of the equitable issue to the court. There was a finding for the defendant and a decree granting the relief asked in the answer, and plaintiff appeals.

*L. M. Ryce*, for appellant.

*D. W. Poindexter*, for appellee.

SEEVERS, CH. J. — The answer does not state that these parties agreed or contracted that the incumbrances should be

1. CONVEY-ANCE: covenants. exempted from the operation of the covenants. In fact, nothing was said by either party in reference to this matter. The legal effect of a deed of the character of the one in question was not considered or thought of, by the defendant at least. He was asked this question during his examination as a witness: "You knew the railroad was there, but did you know it was an incumbrance such as you

would have to defend against or make good?" To this he replied: "No, sir; I did not. I did not understand your former question in regard to it. I did not understand that it was, or I certainly should have done it." From this it is apparent the deed contains just what the defendant intended.

There was no mistake made by the draftsman. It is clear the defendant was mistaken in the legal effect of the covenants in the deed, but we are unable to see there was any mistake of fact, or that the deed was not drawn in accord with what both parties intended.

Conceding that the plaintiff knew of the incumbrance, and that he traded his farm for that of the defendant, this would not make the legal effect of such a contract in anywise different from what it would be if the plaintiff had paid five thousand dollars in cash. The question is, did these parties contemplate the incumbrance, and *contract or agree* that it should be excepted from the operation of the covenants? We feel constrained to say that under the allegations in the answer, and the evidence, we are compelled to answer this question in the negative.

There is nothing different shown in the testimony from the very common case where a party sells and conveys land on which there is located a railway, the existence of which was known to the other party, and the premises are conveyed with the usual covenants without excepting such incumbrance therefrom. In such case there can be no relief because of the grantor's negligence, or his want of legal knowledge. There is no mistake of fact in such case.

2. ——: ——:
right of way.

The judgment of the District Court must be reversed, and the cause remanded with directions to dismiss the equitable answer, and to proceed with the trial of the action at law.

REVERSED.