Baker v. Massey.

BAKER ET AL. v. MASSEY ET AL.

1. **Conveyance:** MISTAKE OF LAW : EQUITABLE JURISDICTION. Where, under a mistake of law, a conveyance by a guardian was made to include an interest of his wards, which he and the grantee were alike ignorant of, it was *held* that equity would relieve the wards of the consequences of the mistake.

*Appeal from Clayton District Court.*

TUESDAY, APRIL 8.

| 50 | 399 |
|----|-----|
| 85 | 642 |
| 50 | 399 |
| 98 | 336 |
| 50 | 399 |
| 121 | 35 |
| 50 | 399 |
| 130 | 273 |
| 50 | 399 |
| 134 | 675 |
| 50 | 399 |
| f140 | 700 |

JAMES M. MASSEY died intestate, in the year 1857, seized in fee simple of certain real estate in Clayton county. He left surviving him Sarah J. Massey, his widow, and six children, his only heirs. The defendants Alexander P. Massey and Charles Massey are two of these children. The said Sarah J. Massey (widow) afterward intermarried with Jarvis C. Baker, and she died in the year 1875. Jarvis C. Baker died intestate in March, 1876. During his life-time he became the undisputed owner of the shares of all the heirs of Massey in said real estate, excepting an interest of the two defendants to this action, which is the subject-matter in controversy.

This action was commenced by the heirs of Baker to quiet their title to said real estate. The defendants answered, averring in substance that on the 3d day of October, 1872, one Peter Blake, who was the guardian of defendants, filed his petition in the Circuit Court of Clayton county for leave to sell the interest of defendants in said land, but that by reason of a want of service of notice upon the defendants, and other defects in the proceedings, the court did not acquire jurisdiction of the defendants, nor of the subject-matter of the action. Certain proceedings were had, and an order of sale entered, and a sale and conveyance were made by said guardian to said Jarvis C. Baker. It is averred in the answers that in the contract made between said Peter Blake, guardian, and said Jarvis C. Baker, there was no negotiation

nor agreement for the sale of any interest of the defendants beyond the undivided one-third of two-thirds of the said real estate; "nor was it the intention of the said Peter Blake, acting as such guardian, to convey any greater interest; nor did the said Jarvis C. Baker have any different understanding, nor contract, nor pay for any greater interest; and if said pretended deed seeks to convey any greater interest, it was entirely through a mistake in the drawing of said deed, and contrary to the understanding and agreement of the parties thereto."

The cause was referred to Hon. L. O. Hatch to try and determine. The referee found and reported that the defendants were each entitled to an undivided one-eighteenth of the land. The court approved the report of the referee and entered a decree accordingly. Plaintiffs appeal.

*Graham & Cady*, for appellants.

*R. E. Price* and *James O. Crosby*, for appellees.

ROTHROCK, J.—I. It will be observed from the foregoing statement that, as James M. Massey died in 1857, his widow was entitled to only a life estate in one-third of his real estate. At his death each of the six children were entitled to one-sixth, subject to this life estate. The plaintiffs claim and defendants deny that the interest of the defendants in the one-third held by the widow passed by the guardian's sale. It may be proper to say that by the answer the validity of the proceedings for the guardian's sale are questioned. We think the referee correctly found that the court had jurisdiction of the parties and the subject-matter, and that the sale and deed were valid. However that may be, the cause was not tried on written evidence, and is not triable anew here, and it must be presumed that defendants are content with the decree of the court below, as they neither took exceptions nor appealed.

II. The petition of the guardian for the sale of the land

set forth in a general way that the said minor, defendants owned an interest therein, and prayed that said interest might be sold. The order of sale did not define the interest of the defendants in said real estate. It merely authorized Peter Blake to sell the real estate. The guardian's deed, made by Blake to Baker, after reciting that he had made application to the court to sell the real estate (describing it), and reciting the order of sale, contains this clause:

1. CONVEY-
ANCE: mis-
take of law:
equitable ju-
risdiction.

"And, whereas, also, the said guardian has given the bond, with sureties, required by law; and, whereas, also, the said guardian has sold the real estate hereinafter described (*being one-third part of undivided two-thirds of the said real estate which the said guardian was empowered to sell by said order of said Circuit Court*) to J. C. Baker, of Clayton county, in the State of Iowa, for the sum of one thousand four hundred dollars."

Then follows the conveyance, which purports to convey the land as guardian, supplemented with covenants of general warranty. It will thus be seen that the proceedings, from the application for the sale to the deed, do not describe or define the defendant's interest in the land. The only statement of the interest intended to be sold and conveyed is contained in the recital in the deed above set forth.

The referee made the following among other findings of fact:

"*20th Fact.* That said guardian, Peter Blake, in making said sale under said order, and Jarvis C. Baker in purchasing the interest of said Alexander P. Massey and Charles Massey, and the appraisers in appraising said interest under their commission, all acted under the belief that the widow of James M. Massey, who was then living, owned in fee simple as her dower one undivided third of all the lands in question, and that the interest of each of the two wards therein was one-sixth of two-thirds thereof, and no more.

"*21st Fact.* That the interest of said Alexander P. Massey

and Charles Massey in said lands was sold as aforesaid with a knowledge on the part of the guardian, Peter Blake, and on the part of the purchaser, Jarvis C. Baker, and of the said appraisers, that James M. Massey died in the year 1857, and their mistake aforesaid, as to the extent of the widow's dower interest, resulted solely from a want of a correct knowledge of the law in force at the time of Massey's death."

Based upon these findings the referee found the following, among others, as a conclusion of law:

"*Conclusion 4.* That while Peter Blake, the guardian, Jarvis C. Baker, the purchaser, and the appraisers, were all misled as to the extent of the interest of said wards by the want of a proper knowledge of the law, equity will not allow the minors to be prejudiced by such mistake of others."

That the foregoing facts found by the referee are abundantly supported by the evidence can admit of no question. Objection was made to the testimony of Peter Blake, and the testimony of the defendants, as inadmissible under section 3639 of the Code. The objection was overruled, and error is assigned upon this ruling of the court. We do not find it necessary to rule one way or the other upon this question, because, if the referee had excluded the evidence objected to, he could have made no other findings of fact than he did make. There was no conflict in the evidence. The testimony of the appraisers, the recital in the deed and the subsequent acts of J. C. Baker all lead to the inevitable conclusion that all the parties and agencies engaged in transferring the interest of the defendants to Baker mistakenly believed that the widow was entitled to one-third of the real estate in fee. If, then, Jarvis C. Baker bought but one-third of two-thirds, it follows that he paid for no more; and if plaintiffs are entitled to a decree quieting title they will hold the one-ninth of the land, for which the defendants have never received any consideration.

Counsel for appellant insist that the mistake of the parties

was solely one of law; that all parties connected with the transfer of title knew all the facts, but were mistaken as to their legal effect; and that equity cannot relieve the defendants. They cite *Pierson v. Armstrong*, 1 Iowa, 282; *Shotwell v. Murray*, 1 John. Ch., 512; *Champlain v. Laytin*, 18 Wend., 407; *Gerald v. Elley*, 45 Iowa, 322, and other cases, in support of the rule, and as applicable to the case at bar.

Mistakes in matters of law cannot, in general, be admitted as a ground of relief in equity, but this rule is not of universal application. In Kerr on Fraud and Mistake, p. 398, it is said: "If a man, through misapprehension or mistake of the law, parts with or gives up a private right of property, or assumes obligations upon grounds upon which he would not have acted but for such misapprehension, a court of equity may grant relief if, under the general circumstances of the case, it is satisfied that the party benefited by the mistake cannot, in conscience, retain the benefit or advantage so acquired."

Again, on page 399, it is said that "if an agreement be entered into between two parties, in mutual mistake as to their relative and respective rights, either of them is entitled to have it set aside." The author cites numerous authorities in support of the exception to the general rule. An examination of the cases cited will show that they fully support the text. It seems to us, if we concede this to be a question of pure, unmixed, mutual mistake of law, the defendants should be relieved from its consequences, because, by the mistake, the plaintiffs are the apparent owners of that which their ancestor did not purchase nor pay for. Baker agreed to purchase the one-third of two-thirds of the land and no more. This is shown by the recital in the deed. "Where an instrument is drawn and executed which professes or is intended to carry into execution an agreement previously entered into, but which, by mistake of the draftsman, either

as to fact or law, does not fulfil that intention or violates it, equity will correct the mistake so as to produce conformity to the instrument." 1 Story's Equity, § 115.

But it is questionable whether this mistake was one purely of law. It has this element of fact in it: The defendants were the owners of one-third, subject to the widow's dower. It was supposed they only owned one-third of two-thirds. Now, the mistake consisted in an error as to the interest owned by them. It was supposed as a matter of fact that the defendants had no title to the one-third held by the widow. True, this fact may be said to have been based upon a mistake of law as to the extent of the widow's dower, but it is nevertheless a fact, in the same sense that we state a fact proposition when we say that a certain person is the owner of a certain piece of land.

Affirmed.