## CORNING v. GROHE.

1. **Contract**: FOR DISSOLUTION OF PARTNERSHIP: CONSTRUCTION OF. The parties hereto, having been partners in the practice of the law, upon dissolution, entered into a written stipulation, of which the following was a part: "It is further agreed by said parties that if said sum of $1,182 can be made and collected from said accounts and notes by reasonable diligence, same is to be applied in payment of said sum, and the balance of said accounts and notes to remain the property of Corning and Grohe; the said Grohe to be liable for any balance of said sum remaining unpaid; the said sum being due said Corning upon settlement this day made." The notes and accounts referred to belonged to the firm at the time of dissolution. *Held* that, in view of all the facts and circumstances, the plain language of the contract should be followed, to the effect that the *whole* of the proceeds of the notes and accounts was to be applied to the payment of the $1,182, until the same should be paid, and not only such part thereof as corresponded to defendant's interest in them before the contract was made.

2. ————: MISTAKE: REFORMATION. It is only a mistake of *fact* that entitles a party to the reformation of a contract in equity. A mistake of law does not.

*Appeal from Clinton Circuit Court.*

TUESDAY, DECEMBER 9.

THIS is an action in equity to reform a contract of settlement of the affairs of partnership, and to recover an amount of money which plaintiff alleges is due him under said contract. The circuit court refused to reform the contract, but

rendered judgment for plaintiff for a portion of the amount claimed. Both parties appeal.

*A. R. Cotton, A. F. Wheeler* and *N. Corning,* for plaintiff.

*Ellis & McCoy* and *W. C. Grohe,* for defendant.

REED, J.—It is shown by the pleadings and evidence in the case that the parties entered into partnership in the practice of law in 1872, and that this partnership was continued until February 1, 1878, when it was dissolved by the mutual consent of the partners. At the time of dissolution a notice was prepared for publication, which recited the fact of the dissolution; also that the notes and accounts belonging to the firm remained in plaintiff's hands for settlement and collection. This notice was signed by each of the parties, and they at the same time signed the following stipulation, which was written on a paper containing a copy of said notice, and immediately below said copy: "It is further agreed by said parties that, if said sum of $1,182 can be made and collected from said accounts and notes by reasonable diligence, same is to be so applied in payment of the said sum, and the balance of said accounts and notes to remain the property of Corning and Grohe; the said Grohe to be liable for any balance of said sum remaining unpaid; the said sum being due said N. Corning upon settlement this day made." The original of this stipulation was retained by defendant, and plaintiff retained a paper marked "copy," which contains a copy of the notice of dissolution, also of the stipulation; but at the time it was introduced in evidence it contained a provision, which was interlined, that the amount which was due plaintiff should bear ten per cent interest.

Plaintiff's claim is that defendant's interest in the notes and accounts of the firm was one-third thereof, and that the real agreement between the parties was that this proportion of the amount which should be collected on said notes and accounts

should be applied in satisfaction of said indebtedness, and that, if the contract provides for the application of a greater proportion of such collections than that to the satisfaction of said debt, it was so written by mistake; and he alleges that he has collected all of said notes and accounts which are collectible, and that, after applying one-third of the amount so collected on the indebtedness and interest thereon, there remains due him the sum of $1,377.52; and he prays that the writing may be so reformed as to express the real contract between the parties, and that he have judgment for the amount of said balance.   Defendant denied that there was any mistake in the writing, or that it fails to express the contract of the parties.   He also denies that the provision for interest, which is interlined in the copy of the contract held by plaintiff, is any part of the agreement.   The circuit court ruled that a reformation of the writing was unnecessary, and that, upon the agreement as written, but one-third of the amount collected on the notes and accounts could be applied in satisfaction of said amount.   It also found that the provision for interest in the copy was not a part of the contract; and it gave judgment for plaintiff for the amount of the difference between $1,182 and one-third of the amount collected on the accounts and notes.

I.   The first question presented by the record relates to the proper construction of the written stipulation.   The contro-

1. CONTRACT: for dissolution of partnership : construction of.

versy between the parties is as to whether the writing provides for the application of the whole amount which should be collected on the notes and accounts of the firm in satisfaction of the indebtedness, or whether the provision is for the application only of such proportion of the amount so collected as should equal defendant's proportionate interest in the notes and accounts.   The holding of the circuit court was that the writing provided for the application of the latter amount.   It will be observed that the indebtedness, to the satisfaction of which the amount collected is to be applied, is a debt from defendant to plaint-

iff, and not from him to the firm. Also that plaintiff, as well as defendant, had an interest in the notes and accounts from which the money to be applied was to be derived, and, if it could be presumed that these were the only facts taken into consideration by the parties when they made the writing, it would be most unreasonable to suppose that they ever intended to make the agreement which defendant contends is expressed by it. But it is apparent from the writing that other matters must have entered into the consideration of whatever agreement was made. The transaction was a settlement of complicated accounts between the parties, growing out of an extensive business, and covering a long period of time. By the contract plaintiff obtained exclusive control of the settlement and collection of all debts due or owing the firm. It was, in effect, an assignment by defendant to plaintiff of all his interest in the notes and accounts of the firm, or, at least, in such portion of them as should be necessary for the satisfaction of said indebtedness.

It must be presumed that the advantage of having the exclusive control of these notes and accounts, and of their settlement and collection, was a matter of importance to plaintiff, and that it operated as an inducement to him to enter into the contract, and for that reason it could not be said that his agreement to apply the whole amount of the collections upon the debt until it should be satisfied, (if that is the stipulation,) was not supported by a consideration. The agreement, then, which defendant contends is expressed by the writing, would be a valid and enforceable contract; and, considering the language of the contract and all of its provisions, as well as the object which the parties had in view when they made it, it seems to us that it is not fairly capable of the construction placed upon it by the circuit court. The language of the provision in question is as follows: "It is agreed   *   *   *   that if said sum of $1,182 can be made and collected from said accounts and notes,   *   *   *   same is to be applied in payment of said sum."

This language is not ambiguous or uncertain, and the meaning clearly expressed by the words is that the whole amount which shall be collected on said notes and accounts shall be applied on said sum until it is satisfied, and there is nothing in the other provisions which requires us to give to the words any other than their ordinary sense.

II. The next question is whether plaintiff is entitled to have the writing reformed. We are clear that he is not. The stipulation was not made under any mistake of fact. All that can be claimed is that plaintiff did not understand the legal effect of the instrument. But this was a mistake of law, and it affords no ground for the reformation of the writing. *Gerald v. Elley*, 45 Iowa, 322.

2. ——:
mistake: re-
formation.

III. The finding of the circuit court that the provision for interest was not part of the contract is sustained by the evidence. The amount collected by the plaintiff on the notes and accounts, as shown by the evidence, is less than the amount of the indebtedness. Plaintiff is entitled to judgment for the difference, which we find to be $154.56. At his election, this judgment will be entered here, or the cause will be remanded, with directions to enter it in the circuit court.

REVERSED.