Forney v. Remey.

3. JURY : misconduct of : appeal.

AFFIRMED.

FORNEY v. REMEY.

77  549
e130 432

**Trust:** DEED OF : VALIDITY : TESTAMENTARY IN CHARACTER : GIFT INTER
VIVOS.   A written instrument transferring personal property to a trustee, who is charged to pay the income therefrom, after defraying expenses, to the grantor so long as she lives, and to make such investments in real estate as she may direct, and at her death to distribute the property in equal shares among her children, is not invalid as being a gift *inter vivos* without delivery, nor as being a testamentary disposition of property not executed as required by law, but is a deed of trust operating *in præsenti*, and therefore valid.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge

FILED, MAY 20, 1889.

ACTION of replevin to recover the possession of certain promissory notes.   Plaintiff shows in his petition that he is entitled to the possession of the notes as the administrator of J. Ellouisa Forney, deceased, and sets up the grounds upon which defendant bases his claim to the possession of the property.   A demurrer to plaintiff's petition was overruled, and, defendant refusing to further plead, judgment was rendered against him, and he appeals to this court.

*Power & Huston*, for appellant.

*P. Henry Smythe & Son*, for appellee.

BECK, J.—I.  The petition alleges that the notes in controversy were the property of plaintiff's intestate, and that defendant claims to hold them under a conveyance which is in the following language: "For and in consideration of the sum of one ($1) dollar, and the further consideration of the performance and execution of the trust hereinafter referred to by the grantee and assignee hereinafter named, I, Jane E. Forney of Burlington, Des Moines county, and state of Iowa, hereby sell, assign, transfer and convey unto John T. Remey, of the same city, county and state, certain notes, accounts and personal property, a full, correct schedule of which is attached hereto, and made a part hereof, marked 'Exhibit A.' Said assignment and transfer, however, is in trust for the following purposes, viz.: Said John T. Remey shall hold said property, and, after deducting from the interest, rents, income and profit thereof any expenses attending the execution of this trust, shall at least semi-annually pay to me all the interest, rent, income and profit arising from the property hereby assigned, such payments to be made for and during my natural life.  It is further agreed and understood that said trustee shall use any money which may come into his hands by virtue of this trust for the purchase of any real estate designated by me ; and, if real estate is so purchased, the title to the same shall be taken in the name of said trustee, to be held by him upon the same terms and conditions as the above-mentioned personal property, and at my death all of said property, of whatever kind and character, shall be distributed among the parties hereinafter named as hereinafter provided; and, for the purpose of making such distribution, said trustee is authorized to sell any real estate so acquired by him upon such terms as in his judgment may be for the best interest of the beneficiaries under this trust, and to execute good and sufficient

conveyances therefor, and shall loan, upon good and sufficient security, any money coming into his hands by reason of this trust. As soon after my decease as can be done without prejudice to the trust fund, said trustee .shall distribute said money, and the proceeds arising from any real estate which he may have acquired as herein provided, among my children and the heirs of my deceased son, in equal shares, viz.: One-seventh (1–7) of said property, or the proceeds arising from the sale thereof, shall be paid to each of my following-named sons: Samuel Kelley, Isaac Kelley, Alexander Kelley, Joseph Kelley, Otis Kelley, and one-seventh (1--7) shall be paid to my daughter, Mrs. Eliza Wright, and one-seventh (1–7) thereof shall be paid to the children of my deceased son, David Kelley, viz., Lee Kelley, Willis Kelley, and Daniel Kelley."

Plaintiff alleges in the petition that the conveyance is without consideration and void, being of a testamentary character, and not executed as required by law. The defendant demurred to the petition on the ground that the conveyance set out in the petition is a valid and binding instrument. The demurrer was overruled, and, defendant refusing to further plead, judgment was rendered against him.

II. The determination of this case turns upon the validity and sufficiency of the conveyance of the property in controversy by plaintiff's intestate. Plaintiff insists that it is invalid because it is a testamentary instrument, and, not being executed and proved as required by law, is therefore void. It cannot be doubted that one owning property, real or personal, may transfer and convey it to a trustee, to be held for his own benefit or for other beneficiaries. The terms of the trust may be such as are not forbidden by the law. The instrument in question in this case upon its face is a conveyance in trust for the benefit of the grantor and others, who are the beneficiaries named upon its face.

III. But plaintiff's counsel insist that it witnesses a gift *inter vivos*, and as such is not valid, for the reason that it is testamentary in its character. It is

plain that the conveyance is not a gift *inter vivos*. The grantor herself is named as the first beneficiary, retaining the power to direct the investment of funds arising from the property. The other beneficiaries can, under the instrument, receive no benefits from the property until after the death of the grantor. Nothing further need be said in order to refute utterly plaintiff's position, that the instrument witnesses a gift *inter vivos*.

IV. Is the instrument a conveyance, operating *in praesenti*, or is it testamentary in its character, taking effect and operating after the death of the grantor? The language of the instrument itself plainly and forcibly answers this question. It transfers the property to defendant, to be held in trust, as prescribed by the terms of the instrument. The property under the instrument passes to defendant, who takes it as a trustee, and holds it subject to the terms of the trust. The title passes to defendant *in praesenti*. It does not await the death of the grantor. She lost ownership and control of the property by the execution of the deed, while, under the law of trusts, she fixed by the terms of the conveyance its future disposition. There is nothing in the conveyance, or the facts connected with it, suggesting an idea of a future power of disposition retained by the grantor. She could not revoke the grant, nor in any way change its terms and conditions. It is not in any sense a testament, nor does it witness a gift *inter vivos*.

V. Counsel on both sides have cited many cases. We think they do not differ as to the rules of the law determining the effect of a testamentary writing, of a valid conveyance in trust, or of an instrument witnessing a gift *inter vivos*. Their contention relates to the character of the instrument before us, whether it be of one or another of the characters named. Now the cases cited by counsel for plaintiff fail to support the position that the instrument in question is not a deed of trust, operating *in praesenti*, and is a testamentary writing, or witnesses a gift *inter vivos*. We do not feel called upon to discuss these cases, pointing out where they

fail to support counsel's position. Indeed, we think the cases do not at all tend in that direction. It will be readily seen that we cannot expect to find cases which would hold that a deed of trust in the language of the one before us is not a deed, but a testamentary writing. The instrument, in form and effect, is an absolute and direct conveyance of the property in controversy to defendant, in trust for uses specified therein. Surely it cannot be said that the instrument witnesses a gift *inter vivos*, or is testamentary in character, for the reason that the grantor is a beneficiary during her life, and her heirs or children become beneficiaries after her death. This presents the very gist of the case. We cannot be expected to cite and discuss cases upon the A B C principles of the law involved in the simple facts of this case. The judgment of the district court is

REVERSED.