THERESA PETERSON v. J. H. WOOLLEN *et al.*

ATTACHMENT—*Surety on Redelivery Bond—Estoppel.* In an attachment case, one who has signed a redelivery bond as surety is estopped from claiming the property as against the officer taking the bond and the attaching creditor; and the fact that such surety was induced to sign said bond by a misrepresentation of the attaching officer, as to the legal effect of the signing of said bond, will not avoid the estoppel created thereby.

*Error from Jewell District Court.*

THE opinion contains a sufficient statement of the facts.

*S. D. Decker*, for plaintiff in error.

*C. Angevine*, for defendants in error.

Opinion by STRANG, C.: January 22, 1889, the plaintiff, who was plaintiff below, filed her petition in replevin alleging absolute ownership in herself of certain personal property, the right to immediate possession, and wrongful detention of the same. The answer admitted the taking of the property by the defendant, Woollen, sheriff of the county, on an attachment issued in the suit of Case, Bishop & Co. against Henry Peterson, husband of the plaintiff, but as an answer to the plaintiff's claim to said property, and as matter of estoppel, alleged that when said property was attached as the property of Henry Peterson, the plaintiff joined said Henry Peterson in executing a redelivery bond for the return of said property. To the answer the plaintiff replied that the defendant should not be allowed to avail himself of the matter of estoppel set out in his answer because the officer having such property in his hands as the property of Henry Peterson obtained her signature to said redelivery bond by fraudulent misrepresentations. A demurrer was filed to the reply, alleging that the facts therein stated were insufficient to avoid the answer. This demurrer was sustained. The plaintiff refused to plead over and brings the case here for error.

The only question in the case is, was the plaintiff estopped from recovering in her action by reason of having joined her husband in the execution of a redelivery bond when the same property was attached as his property in a proceeding against him in favor of the defendants Case, Bishop & Co.? It is well settled that signing a redelivery bond as surety estops the surety from subsequently claiming the property as against the sheriff or the attachment plaintiff, unless the surety was induced to sign the redelivery bond by a fraudulent misrepresentation of facts. (*Sponenbarger v. Lemert*, 23 Kas. 55; *Haxtun v. Sizer*, 23 id. 310; *Wolf v. Hahn*, 28 id. 588.)

In this case the defendants claim that the plaintiff is estopped from claiming the property described in her petition by having signed the redelivery bond with her husband, when the property was attached in a proceeding against him by Case, Bishop & Co. The plaintiff admits signing the redelivery bond, but says she is not thereby estopped from claiming the property, because she was induced to sign the redelivery bond by fraudulent misrepresentations made by the officer who took the bond. The defendants answer this proposition by saying that there was no misrepresentation of facts by the officer when the plaintiff signed the redelivery bond, and that any statement by the officer as to the effect of her signing the bond was simply the opinion of the officer as to the legal effect of her act, and will not aid her to avoid the estoppel created by signing the redelivery bond. The allegation in the reply is, that the officer told the plaintiff that "if she would sign the bond they would let her keep the property, but that unless she signed the bond they would take the property from her; but if she signed they would stand between her and all harm, and she would save her property; that the signing of said bond would not affect her rights in such property, nor prevent her from claiming the same."

Now, were these statements of the sheriff and his deputies to the plaintiff a misrepresentation of facts, or a mere opinion as to the legal effect of her act in signing said bond? We think they amount to no more than an opinion of the legal

effect of her signature as a surety on said bond. She was fully apprised of all the facts surrounding the subject. She knew that Case, Bishop & Co. had begun an attachment proceeding against her husband, and that the officer had attached the property in question as his property, and that the officer would remove the property unless a redelivery bond was executed, and that if the bond was executed the property would not be removed by the officer, because he so informed her. She also knew, if true, that the property attached as the property of her husband belonged to her. These were all the facts necessary for her to be in possession of, so far as the transaction was concerned. She was in possession of all these facts without reference to the statement of the officer to her, except perhaps the fact that, unless a bond was executed, the officer would remove the goods. His statement to that effect was not a misrepresentation of a fact, since the law made it his duty to remove the goods unless a redelivery bond was given. What it is likely the plaintiff did not know was, the law in relation to the legal effect of her act in signing the bond, although in law it is presumed that she did know. Not knowing the legal effect of her act in executing with her husband the redelivery bond, she relied on the opinion of the officer, and was misled. But in law she had no right to rely on the opinion of the officer, or of any person whose interest was adverse to her own; hence the fact that she did rely on the opinion of the officer, and was thus misled, will not aid her in avoiding the estoppel created by signing the bond. (*Fish v. Cleveland,* 33 Ill. 243; *Upton v. Tribilcock,* 91 U. S. 45–50; *Insurance Co. v. Reed,* 33 Ohio St. 283; *Dillman v. Nodlehoffer,* 7 N. E. Rep. 88; *Reed v. Sidener,* 32 Ind. 373; *Jagger v. Winslow,* 30 Minn. 263; *Catlin v. Fletcher,* 9 id. 85; *Kenyan v. Wetty,* 20 Cal. 659; *Corning v. Grabe,* 21 N. W. Rep. 662; *Glenn v. Stoller,* 42 Iowa, 107.)

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.