## W. F. EARHART v. J. E. COWLES, Appellant.

Railroads: DISCHARGE OF SURFACE WATER. A grant of right of way to a railway company does not carry with it a right of the company to discharge onto the adjoining land surface water collected at that place by means of its grade.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, JANUARY 16, 1904.

ACTION at law to recover money paid to the defendant as a part of the purchase price of land. There was a directed verdict for the plaintiff, and the defendant appeals. —*Affirmed.*

*W. O. Mitchell* and *Stuart & Stuart* for appellant.

*De Lano & Meredith* for appellee.

SHERWIN, J.—The parties hereto entered into a written contract whereby the defendant agreed to sell and convey to the plaintiff, by warranty deed, a certain farm owned by him, and agreed to furnish an abstract showing perfect title in him. The conveyance was to be subject only to the right of way of a railroad across the farm, taking there-

from six acres. In addition to this right of way, however, the owner of the land had granted the railroad company the perpetual right to discharge thereon all surface water collected from local drainage, and had warranted to defend the company in the full enjoyment of such easement. The appellant makes no claim that the right of way of a rail-road over land is not an incumbrance, nor does he claim that knowledge of such right of way would bar a claim for damages for a breach of a covenant against incumbrances. But he does claim that, because the plaintiff knew that the railroad company was collecting and discharging water upon said land, he was estopped from complaining thereof. We may not perfectly understand his contentions, but he seems to argue that the discharge of the water upon the land was a right incident to the right of way originally granted, and that the water grant was in effect useless. But it can hardly be said that, because a railroad company has been granted a right of way for its track, it has also the right to collect surface water, which but for its use of the land would spread over a large area, and by drainage ditches conduct it in large volumes upon the land of any one of whom it may have secured such right of way. Neither the railroad company nor the landowner thought the water right was inherent in the right of way grant; else the company would not have paid a large sum in settlement of claims for damage for flowing the land, and for the perpetual right to do so. The conclusion which we reach is not in conflict with the rule announced in *Slocumb v. C. B. & Q. R. Co.*, 57 Iowa, 675. There the convey-ance was made subject to the right of way which had been obtained by a parol agreement whereby the right of way extended thirty-five feet on each side of the center of the track, and it was held that the reservation, the statute, and the occupancy of the company put the plaintiff upon inquiry as to the width of the right of way. Surely nothing in the right of way deed in this case, or in the use of

the premises thereunder, would indicate that the company had the right to forever flood the land in question, as an incident to the right of way. That the right to flow this land created an easement and incumbrance upon it, independent of and entirely distinct from the grant of the right of way, cannot be seriously questioned; and, indeed, the first part of the proposition is not as we understand the appellant's argument. 2 Tiffany, Real Property, 905; Tiedeman, Real Property, section 597; 10 A. & E. Law (2d Ed.) 398; *Cook v. C. B. & Q R. Co.*, 40 Iowa, 451. The plaintiff's knowledge of this incumbrance would not affect his right to recover. *Gerald v. Elley*, 45 Iowa, 322; *Yancey v. Tatlock*, 93 Iowa, 386.

The judgment is right, and it is AFFIRMED.