(85 Misc. Rep. 591.)

LEARY v. LEARY.

(Supreme Court, Special Term, New York County.  May, 1914.)

REFORMATION OF INSTRUMENTS (§ 17*)—MISTAKE—RIGHT TO RELIEF.

Where a person is induced, through a mistake as to the legal effect of an indorsement without delivery by the deceased of certain certificates of stock, to assign to the administratrix, the indorsee, his interest in decedent's personal estate, together with a release of any claim he may have in the estate, he is entitled to a reformation of the instruments on the ground of mutual mistake of fact; such mistake not being a mistake of law as to the grounds for, or effect of, the execution of the instruments complained of.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 69–71; Dec. Dig. § 17.*]

Action by Daniel J. Leary against Mary C. Leary.  Demurrer to complaint overruled.

Armstrong & Brown, of New York City, for plaintiff.
Geller, Rolston & Horan, of New York City, for defendant.

BIJUR, J.  Demurrer to a complaint on the ground that it does not state a cause of action.  This action is brought to reform two instruments on the ground of mutual mistake of fact.  The father of plaintiff died intestate April 11, 1902.  Among his possessions were found certain shares of stock with the transfers on the backs thereof indorsed by the deceased to the defendant, his wife.  The complaint further alleges that both plaintiff and defendant believed that said securities belonged to the defendant, and that decedent's signature to said transfers, although without delivery, operated to transfer title to the defendant, and that about December 13th defendant, under circumstances which are not disclosed, "admitted that same (these securities) were a part of the personal estate of decedent and accounted for the same as administratrix."  On April 28, 1902, plaintiff, in the belief above referred to that these securities which formed the bulk of decedent's estate actually belonged to the defendant, executed an assignment of all his interest in decedent's personal estate to the defendant as administratrix, together with a release of any claim of plaintiff in the estate.  Defendant urges that the ground for the relief claimed disclosed by the complaint is not a mistake of fact, but a mistake of law, against which, in general, no relief will be granted, citing Whittemore v. Farrington, 76 N. Y. 452, 458.  I may add that it is evident that the case does not present a mistake of law for the correction against which equity will afford relief, a good example of which is found in Baird v. Erie R. Co., 210 N. Y. 225, 104 N. E. 614.  The case at bar presents an entirely different situation.  The mistake against which relief is sought is not a mistake of law as to the grounds for, or effect of, the execution of the instrument complained of, but a mistake as to the legal effect of some entirely independent act or instrument, namely, the indorsement without delivery by the deceased to defendant of certain certificates of stock.  Against a mistake of this kind relief will be granted.  See Dambmann v. Schulting, 75 N. Y. 55, 63, citing Hore v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Becher, 12 Sim. 465, and Cholmondeley v. Clinton, 2 Merriv. 352. The case of Marquis Cholmondeley is particularly significant. It was decided in 1817. The Master of the Rolls, Sir William Grant, at page 353, says:

"It is very true, that both parties supposed at the time that the deed of 1781 constituted Lord Clinton's title, and not Lord Orford's title. But still it was to be the title to the estate, and the erroneous opinion that was entertained with regard to its effect could not alter its legal operation, while it at the same time proves that it could not be in the contemplation of either party that Lord Orford should convey an interest, which he was supposed not to have, to Lord Clinton, who was supposed to be already in possession of it."

And on page 355:

"From what is said in the case of Lord Brakbroke v. Inskip, 8 Vesey, 417, I collect the present Lord Chancellor's opinion to be that a person called upon to join in a conveyance for the purpose of obviating a specific objection to a title would not be bound as to any other interest of which he was not apprised."

He held ultimately that the instrument which had been given by Lord Orford to Lord Clinton did not convey (i. e., should substantially be reformed so as not to convey) the interest which both parties at that time thought reposed in Lord Clinton, but was subsequently found to be in Lord Orford, the purpose of the conveyance having been to clear up the title in some other respect. The case is closely analogous to the one at bar. Indeed, it seems to me that the mistake as to the effect of the assignment executed by the deceased, a transaction, I repeat, entirely independent of the one complained of, is a mistake of fact. In this view, I am particularly confirmed by Baker v. Massey, 50 Iowa, 399, 404, where the Supreme Court of that state says:

"The defendants were the owners of one-third, subject to the widow's dower. It was supposed they only owned one-third of two-thirds. Now, the mistake consisted in an error as to the interest owned by them. It was supposed as a matter of fact that the defendants had no title to the one-third held by the widow. True, this fact may be said to have been based upon a mistake of law as to the extent of the widow's dower, but it is nevertheless a fact, in the same sense that we state a fact proposition when we say that a certain person is the owner of a certain piece of land."

See, also, Bottorff v. Lewis, 121 Iowa, 27, 95 N. W. 296, and cases there cited, particularly Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 Am. St. Rep. 816. I think, therefore, that the complaint states a good cause of action, and that the demurrer should be overruled.

Demurrer overruled.