LEARY v. GELLER. (No. 7611.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

REFORMATION OF INSTRUMENTS ⬡⟶17—RIGHT TO REFORMATION—MUTUAL MISTAKE.

Where the widow informed plaintiff, the heir, that her deceased husband had before his death given and delivered securities to her, and plaintiff, at her request and acting upon that belief, caused the securities to be transferred upon the books of the various corporations and new certificates issued, also executing an assignment and release of any rights in such securities, plaintiff is not entitled to a reformation of the assignment and release because the statement of the widow as to the gift of the securities was not correct; it appearing that the widow was guilty of no fraud and honestly believed the gift had been consummated.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 69–71; Dec. Dig. ⬡⟶17.]

Appeal from Special Term, New York County.

Action by Daniel J. Leary against Frederick Geller, as executor of the estate of Mary C. Leary, deceased. From an order overruling a demurrer to the complaint, defendant appeals. Order reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John M. Enright, of Jersey City, N. J. (Benjamin G. Paskus, of New York City, on the brief), for appellant.
Pierre M. Brown, of New York City, for respondent.

SCOTT, J. Plaintiff is one of the children of James D. Leary, who died intestate April 11, 1892. The original defendant herein was Mary C. Leary, widow and administratrix of said James D. Leary, deceased. She having died since the institution of the action, the present defendant, her executor, has been substituted in her place.

After the death of James D. Leary this plaintiff and his brother, George Leary, and his sister, Marie C. Leary, assigned, transferred, and set over unto Mary C. Leary, the widow, her heirs, executors, administrators, and assigns, absolutely and forever, all of the part, share, and interest of each of the assignors in and to the personal estate of said James D. Leary, and on the same date this plaintiff released and discharged said Mary C. Leary, as administratrix of said James D. Leary, of and from any and all claim or demand which said plaintiff then had or might hereafter be entitled to in said estate. The purpose of this action is to reform the aforesaid assignment and release, by excluding from the operation thereof certain securities and the income and profits derived therefrom, by compelling the said Mary C. Leary (or her executor) to account to plaintiff for his proportional share of said securities, and the income and profit derived therefrom, as if the aforesaid assignment and release had never been made, or, having been made, did not apply to and cover the said securities.

The complaint alleges that James D. Leary in his lifetime had owned and been in possession of the securities mentioned, said to have been of large, but uncertain, value; that a short time before his death said James D. Leary filled out transfers of said securities in the name of Mary C. Leary, and, with plaintiff's aid, signed the same; that shortly after the death of said James D. Leary, and before the execution and delivery of the assignment and release now sought to be reformed, plaintiff was informed by defendant Mary C. Leary that her deceased husband had given and delivered said securities to her before his death, and therefore plaintiff, at her request and acting upon the belief that said securities had been so delivered to said Mary C. Leary, caused said securities to be transferred upon the books of the various corporations, and new certificates issued to said Mary C. Leary; that "the execution of the transfers made by deceased of said stocks and the statements aforesaid of said Mary C. Leary created in the mind of plaintiff the belief that said securities had been given and delivered to Mary C. Leary by deceased, and solely in reliance upon this mistake and belief" plaintiff executed the assignment and release now sought to be reformed. It is further alleged that no consideration passed to plaintiff for the execution of either of said documents; that said securities were never given or delivered by deceased to said Mary C. Leary, nor were they ever her property; and that she continued to claim and possess them until about December 30, 1913, when she admitted that the same were part of the personal estate of said James D. Leary, deceased, and accounted for them and their income and profits as administratrix.

It is stated in the complaint that the securities in question constituted only a part, although the larger part, of the estate of said James D. Leary, and plaintiff does not deny that his purpose and intent, by the assignment and release, was to convey and confirm to the widow all of the personal estate of said James D. Leary; but he leaves the inference to be drawn that he so intended because he did not know how much that estate amounted to, and, if he had known, he would not have been so generous.   The difficulty with the complaint is that it fails to state a case for reformation within the well-established rule that an action for the reformation of a written instrument will not lie unless there has been a mutual mistake of fact by the parties to it, or a mistake of fact on the one side and fraud on the other.

Neither of these conditions are stated in the complaint.   No mistake as to the fact is alleged as to Mary C. Leary, nor is any fraud charged against her.   It is true that it is alleged that she stated that her husband had given her the securities before his death, whereas the fact is that he had not done so.   But this contradiction does not necessarily spell fraud on her part, for it is nowhere alleged that she made this statement with the intent to deceive plaintiff, or for the purpose of inducing him to execute the assignment and release.   In short, nothing more is alleged in the complaint than a mistake on the part of plaintiff as to the ownership of the securities.   This is not enough to maintain an action in equity for a reformation.   The court at Special Term did not consider the complaint as charging fraud upon Mary C. Leary, but treated the action as one based on the ground of a mutual mistake of fact; but it is obvious upon a reading of the complaint that the only mistake of fact charged was that of plaintiff.   The objection now urged by defendant that there is a defect of parties defendant, in that the brother and sister who joined in the execution of the assignment should have been joined as defendants, is not raised by the demurrer.

The order appealed from must be reversed, with $10 costs and disbursements, and the demurrer sustained, with costs, with leave to plaintiff to amend the complaint within 20 days upon payment of said costs in this court and in the court below.   Order filed.   All concur.