*1045 OPisriOH.
Lansdoh:
The respondent alleges that the entire income of the trust estate is taxable to the petitioner, Frederick M. Hubbell, as life tenant, inasmuch as the instrument of January 2, 1919, being an agreement between the settlor and the trustees, and the cestuis que trust as such not being parties thereto, lias no effect to alter or modify the trust instrument of December 31,1903, and can operate as nothing more than an assignment of the right to receive income. It is well settled, as contended by the respondent, that after an express trust has been perfectly and completely created and the rights of the beneficiaries have become vested, the trust can not be changed, altered or modified by the settlor except with the consent of all the beneficiaries. Forney v. Remey, 77 Iowa 549; 42 N. W. 439; Haulman v. Haulman, 145 N. W. 903; In re Tolerton's Estate, 150 N. W. 1051; 39 Cyc. 92, and cases there cited. It is also well settled, as the respondent contends, that an assignment of the right to receive income constitutes merely an executory agreement to transfer that income as and when it may arise in the future and the amount becomes income "taxable to the assignor before the assignee receives any interest therein. Blount v. Farmers Bank of Greenville, N. C., 297 Fed. 277; Eisenlehr v. Ehrich, 296 Fed. 816; Ormsby McKnight Mitchel, 1 B. T. A. 143; Mitchel v. Bowers, 15 Fed. (2d) 287; certiorari denied, 273 U. S. 759; Hudson M. Knapp, 5 B. T. A. 762; Louis Cohen, 5 B. T. A. 171; Levering v. Commissioner, 5 B. T. A. 616; Alexander 3. Browne, 3 B. T. A. 826; Samuel V. Woods, 5 B. T. A. 413; Fred W. Warner, 5 B. T. A. 963; George M. Cohan, 11 B. T. A. 743.
The facts of the instant case, however, present a situation different from that involved in the cases cited above. Here the petitioner, Frederick M. Hubbell, conveyed in 1903 certain real and personal property in trust, reserving to himself the income for life. By deed executed January 2, 1919, he conveyed his interest in the estate, *1046 except an annuity of $20,000, to trustees, directing them to pay such income to beneficiaries designated in the trust instrument of 1903 who were to have received the income after his death. The instrument of January 2, 1919, was in writing, properly executed, acknowledged, and recorded. Section 9440 of the .Code of Iowa, 1924, provides:
All contracts in writing, signed by tbe party to be bound or by his authorized agent or attorney, shall import a consideration.
The later Instrument is not an alternation or modification of the earlier trust conveyance, nor is it merely an assignment of the right to receive income; it.is a new trust agreement conveying petitioner’s life estate to trustees for the benefit of persons named in the instrument of 1903. The Board has recognized that the conveyance of a life estate or the income therefrom is a different matter than the assignment of income or the right to receive income. In Gideon N. Stieff, Executor, 2 B. T. A. 1109 (approved 25 Fed. (2d) 489) the Board stated:
That the taxpayer gave his share of the income from the trust to his daughter can not affect his taxability. He had a life interest. He made no transfer of that interest. When income was distributable to him, he, as trustee, paid it to his daughter, but it became his income as a beneficiary under the trust before it could be given to his daughter either by himself as an individual or as trustee. * * * What the result might be if there had been a valid, enforeible transfer or conveyance to the daughter of the taxpayer’s interest in the life estate or the income therefrom it is not necessary for us to decide, since no such fact appeared in the present appeal.
It can not be questioned that Frederick M. Hubbell had a life estate as distinguished from a mere right to receive the income. In Irwin v. Gavit, 268 U. S. 161, the Supreme Court said:
* * * But if it were material, a gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund. Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it. The fund is appropriated to the production of the same result, whichever form the gift takes.
The petitioner, Frederick M. Hubbell, has divested himself of the life estate by which he had the right to receive the income in excess of $20,000 per year. He has relinquished all control over the estate and the beneficiaries now have vested rights therein. It follows that the income, except the annuity of $20,000, is taxable to the beneficiaries and not to the petitioner, Frederick M. Hubbell. William I. Paulson, 10 B. T. A. 732; Edith E. Blaney, 13 B. T. A. 1315; O’Malley-Keyes v. Eaton, (D. C.) 24 Fed. (2d) 436; Young v. Gnichtel (N. J.), 28 Fed. (2d) 789.
As to the second issue, the respondent contends that the reserve for depreciation maintained by the trustees during each of the years *1047 herein involved was unauthorized and constitutes distributable income within the meaning of section 219 of the Itcvenue Act of 1921, which provides, in part, as follows:
(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any hind of property held in trust, including—
* * * ⅜ * * *
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
* ⅛ * * * $ *
(d) In cases under paragraph (4) of subdivision (a), * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not * * *
The petitioners, then, are taxable on “that part of the income * * * which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether distributed or not,” and that amount having been determined, it is well settled that no deduction can be allowed for depreciation sustained upon trust property. Arthur H. Fleming, 6 B. T. A. 900; Geo. D. Widener, 8 B. T. A. 651; Baltzell v. Mitchell. 3 Fed. (2d) 428; certiorari denied, 268 U. S. 69. The instrument herein involved provides that “ net income ” shall be distributed to the beneficiaries. What that term means, as used therein, must be determined without regard to definitions in tax laws subsequently enacted. The contemporaneous construction of the trust instrument is not disclosed by the record. There is no proof nor even any contention that a reserve or sinking fund for the replacement of obsolete structures was set up and maintained by annual additions thereto from income prior to the taxable years.
The instrument contains no specific provisions which make it the duty of the trustees to reserve a sinking fund from income. If rhere is any authority for the procedure which resulted in this controversy it is found in article II of the trust instrument, which gives the trustees power “ To maintain, improve and insure the premises,” but we can not regard this language as a direction to the trustees that the expenses so authorized shall be paid out of a fund reserved from the income of the trust. Maintenance may mean no more than that the property shall be kept in repair, which probably has been done by payments from income prior to distribution. Insurance is an operating expense also chargeable to income and, in no way, an element to be considered in establishing a reserve for depreciation. In the same article, and also in article III, the trustees are authorized to “ contract debtg ,on the faith and credit *1048 oí said property and to secure the . same by mortgages, bonds, or otherwise, for the purpose of improving said property to the amount of $100,000,” which must be regarded as a provision for the replacement of obsolete structures and the continuance or increase of income without setting apart any reserve or sinking fund made up of annual deductions from the income of the trust.
The petitioner contends that by providing for the distribution of “ net income ” only, the trust instrument has authorized a reserve from income to replace depreciated assets of the corpus. We can not agree with such contention. The expressions “ rent and profit,” “ income,” and “ net income,” are all equivalent and mean nothing more than the profit remaining after the deduction of expenses of management, or the rent which may be obtained for the use of the property. Andrews v. Boyd, 5 Me. 199; Earl v. Rowe, 35 Me. 414; 58 Am. Dec. 714; Bouvier’s Law Dictionary; Words and Phrases.
We have held, in Estate of Virginia I. Stern, 1 B. T. A. 853, that where the trustees create an unauthorized reserve out of trust income to replace depreciated assets of the corpus, the amounts withheld were distributable and taxable to the beneficiaries. The governing instrument in that case directed the trustees to “ pay over one equal third part of the said rents, interest, income, and profits.” We consider the Stern case controlling in the instant proceedings and, upon authority thereof, approve the determination of the respondent.
Reviewed by the Board.

Decision will be entered wnder Rule 50.

MillieeN concurs in the result.