## EGGSPIELLER v. NOCKLES.

1. **Evidence:** TITLE BOND: MISTAKE IN DESCRIPTION. Evidence considered and held sufficient to clearly establish a mistake in the title bond, in respect to the description of the property to be conveyed, and that the plaintiff was entitled to have the same corrected.

2. **Court:** DISCRETION OF: TESTIMONY TO CORRECT MISTAKE. It was within the discretion of the court, under the circumstances of this case, after all the testimony had been taken in the form of depositions, and read on the trial, and the cause finally submitted, to permit a party to be called as a witness and give oral testimony for the purpose of correcting an alleged mistake in his written deposition.

3. **Statute of Limitations:** DISCOVERY OF MISTAKE: EVIDENCE. In such case, where the oral testimony of the party, by a reference to dates and known facts, fixed the time of the discovery of the mistake in the description of the property in the title bond within five years before the commencement of the action for relief, and the general statements of his deposition made the time more than five years, the court did not err in holding that relief was not barred by the statute of limitations.

*Appeal from Winneshiek District Court.*

MONDAY, JUNE 12.

On the 5th day of January, 1872, the plaintiff executed to the defendant a bond for the conveyance of certain premises in consideration of six thousand dollars, five hundred dollars of which was to be paid on the 5th day of January of each year, from 1873 to 1880, and one thousand dollars of which was to be paid on the 5th day of January, 1881, and 1882. On February 9th, 1876, the plaintiff commenced an action upon certain of these notes and to foreclose the title bond. On the 22d day of February, 1876, a judgment was rendered in favor of the plaintiff for $1,012.04, and the sale of the premises described in the title bond was ordered, and the cause was continued as to the notes not due. On February 27th, 1877, the plaintiff recovered a judgment for $500 and interest, on one of the notes not due, when the first judgment was entered, and the cause was continued as to the

notes not due. On August 6th, 1880, the plaintiff filed an amended petition asking judgment on the remaining notes, alleging that at the time of the execution and delivery of the title bond there was a mistake made in describing the property to be conveyed, in that the lot known as the Galby lot was included therein, and that said mistake was not discovered by the plaintiff until the spring of 1879. The plaintiff asks that the description be corrected and that he have judgment for the amount due and a decre of foreclosure.

The defendant answered denying that there was any mistake in the title bond, and alleging that plaintiff was not the owner of the Galby lot, and that he refused to purchase it and convey it to defendant, and that by reason of such refusal the defendant had suffered damage in the sum of $500. The court made an order that the testimony should be taken in the form of depositions and the cause tried thereon, and pursuant to this order testimony was taken before a notary public, out of court, upon which the cause was submitted. On the 20th day of October, 1881, the cause was called for trial, whereupon the defendant filed an amendment to his answer alleging that more than five years had elapsed, since the discovery of the pretended mistake, before the filing of plaintiff's amendment to petition. On the same day plaintiff filed a reply denying said amendment. The plaintiff thereupon announced to the court his readiness to proceed with the case. The testimony was read, the cause was submitted, and the court announced a decision in favor of defendant and dismissing plaintiff's bill, holding that more than five years had elapsed since the discovery of the mistake, and that the relief asked was barred by the statute. Before said decision was entered, but after the announcement thereof, the attorney for plaintiff asked to be allowed to put the plaintiff on the stand as a witness. The defendant's counsel objected. The court overruled the objection, and gave the plaintiff's attorney until the next day to produce and examine the plaintiff, to all of which the defendant excepted. On the 21st day of

October, upon the testimony of the plaintiff and other testimony submitted, the court reversed his former decision and rendered a decree in favor of plaintiff, correcting the mistake and giving judgment and decree of foreclosure. The defendant appeals.

*Brown* & *Portman*, for appellant.

*L. Bullis*, for appellee.

DAY, J.—I. The evidence satisfies us quite clearly that there was a mistake in the title bond. Indeed we think that the title bond itself furnished evidence of the mistake. On the 8th day of May, 1860, the plaintiff obtained a conveyance from Joseph Spilman for a tract of land in the form of a rectangle, four chains in length from east to west, and two and one-half chains in width from north to south. On the same day the plaintiff conveyed to John Haug a strip seven rods wide from east to west out of said premises, retaining a strip two and one-half rods wide on the west side, and six and one-half rods wide on the east side. Haug conveyed these premises to John T. Galby, by deed, dated November 8th, 1863. On the 1st day of September, 1866, Galby conveyed a strip forty feet wide from the west side of the premises conveyed to him, to Sigamond Shaffenful, and on the 20th day of September, 1869, Shaffenful conveyed said forty feet strip to the plaintiff. In the title bond from the plaintiff to the defendant the plaintiff agrees to convey first, this forty feet strip specifically described by metes and bounds, and then the whole tract purchased from Joseph Spilman, with the exception of a strip ninety-two feet wide from the east side. Now, if the plaintiff intended to contract to sell the whole tract, with the exception of ninety-two feet off of the east side, it is incredible that he should first specifically describe the forty feet, and then insert a general description including the whole tract and embracing the forty feet. Besides, it clearly appears that the

*1. EVIDENCE: title bond: mistake in description.*

plaintiff did not own the Galby lot, that the defendant knew that fact, and that the plaintiff did not propose to contract to sell it. Besides the plaintiff testifies that the conversation was conducted in German, and the title bond was written and read over to him in English; that he cannot read English, and it is difficult for him to understand it; and that Myer, who drew the instrument, made a mistake in the description. The plaintiff is corroborated by other evidence. We think the mistake in the title bond is clearly established.

II. The contract for the sale and conveyance of the land was made January 5th, 1872. The amendment to the petition alleging a mistake in the instrument and asking a correction of it, was filed August 6th, 1880. The defendant filed the amendment to his answer, pleading the statute of limitations, on the 20th day of October, 1881, after all the testimony in the case had been taken by deposition, and when the cause was called for trial. The plaintiff in his deposition, on file in the case, testified: "The first time I knew that the Galby lot was included in the contract was about two, or two and a half years after the contract was made." Upon this testimony the court announced a decision against the plaintiff, holding that more than five years had elapsed since the discovery of the mistake, and that the relief asked was barred· by the statute of limitations. Before this decision was entered the attorney for plaintiff asked to be allowed to put the plaintiff upon the stand as a witness, stating that he was not aware until after the commencement of this trial that the depositions of plaintiff showed that he discovered the mistake some two and a half years after the contract was made, and that said deposition did not state the fact truly, nor as plaintiff had stated it to him in his first consultation, nor as stated in his petition. To the allowance of this the defendant objected, for the reason that when the amendment to the answer was filed, plaintiff's attorney had announced that he was ready for trial, and the testimony had been taken

*2. COURT: discretion of: testimony to correct mistake.*

in writing, and that plaintiff ought not to be allowed to contradict his former testimony, and that the cause had been submitted and a decision rendered. The court overruled the objection, and granted the plaintiff's attorney until the next day, October 21st, to produce and examine the plaintiff. On the 21st day of October, the plaintiff was offered as a witness. The defendant again objected, for the reason that it was too late; that the testimony had been ordered to be taken in writing. The court overruled the objection, and the plaintiff was sworn and testified. It was within the discretion of the court, under the circumstances of this case, to permit the plaintiff to be called as a witness. No abuse of discretion appears. The court might have directed that the additional testimony should be taken in the form of depositions, but this was a matter in the discretion of the court. Code, § 2742.

III. The appellant insists that the plaintiff discovered the mistake more than five years before the filing of the amendment to his petition asking relief on the ground of mistake.

3. STATUTE of limitations: discovery of mistake: evidence. It is true the plaintiff in his deposition testifies that the first time he knew that the Galby lot was included in the contract was about two or two and a half years after the contract was made. In this deposition he does not fix any date when he learned such fact, but speaks simply of the time which had intervened since the contract was made. It is familiar to all how liable to error such testimony is. In his subsequent testimony he fixes the date when he learned of the mistake about August 1876, and fortifies his statement by a reference to the circumstances under which the knowledge was acquired. He testifies that he learned the fact from the notice of sheriff's sale of the premises, which notice was produced and is dated August 25th, 1876. This testimony is not in any manner contradicted. The court did not err in finding that the mistake was not discovered more than five years before the filing of the amended petition.

AFFIRMED.