RUTH W. BRIGGS *vs.* CHARLES RIPLEY.

June 13, 1887.

Deeds—Recording—Priority—Description—Notice.—D. M. H. executed on the same day two conveyances of real estate, one to W., and one to G. S. H., each conveying what is now lot 6, block 129, Minneapolis. The deed to W. gained priority by priority of record. It described the lot as lot 6, block 66, in a plat never filed, and stated other facts as elements of description which would put one on inquiry such as, if followed with diligence, would show the identity of said lot 6, block 66, with lot 6, block 129, in the plat of Minneapolis subsequently filed. Plaintiff claims by divers mesne conveyances through the deed to W.; defendant, by divers mesne conveyances, through the deed to G. S. H. Plaintiff's immediate grantor, before conveying to her, executed to her a bond for a deed, which was recorded, in which the lot was described as lot 6, block 129, "being block 69 in the old survey in Minneapolis." All the conveyances (including the bond) except that to W. appeared on an abstract, which, before purchasing, defendant procured from the register of deeds, and relied on. *Held*, that defendant had no right to rely on the description in the bond, (he being no party to it, nor claiming under any party to it,) either to estop plaintiff from claiming that the deed to W. passed the title to lot 6, block 129, or to excuse himself from pursuing the inquiries suggested by the facts stated in that deed.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried before *Lochren*, J., and a jury.

The description contained in the deed from Dominicus M. Hanson to Carlos Wilcox, referred to in the opinion, is as follows, viz.: "All those tracts or parcels of land lying and being in Minneapolis, Hen-

nepin county, described as follows, to wit: Lots No. 6 and 7 of block No. 59, lots 4 and 5 of block No. 60, said blocks being respectively the 6th and 5th from the quarter-post at the land-office between Prospect and Washington avenues, reckoning eastward from said quarter-post; lots No. 1, 2, 3, 4, 5, 6, 7, and 8 of block No. 65, and lots No. 3, 4, 5, 6, 7, 8, 9, and 10 of block No. 66, said blocks being respectively the 5th and 6th from the quarter-post aforesaid, lying between Washington avenue and Second street, eastward from said quarter-post, according to a plat of Minneapolis and St. Anthony, in the possession of said Carlos Wilcox." The description contained in the deed from Dominicus M. Hanson to Gilbert S. Hanson, referred to in the opinion, is "the east 40 rods of the north 120 rods of the east half of the northeast quarter of section 26, township 29, range 24, situate in Hennepin county." Lot 6 of block 129, as shown by the plat of the town of Minneapolis, (which was filed August 4, 1885,) is situated in the above tract of land described in the deed to Gilbert S. Hanson. Parol evidence was introduced on the trial which showed that lot 6 of block 66, mentioned in the deed to Wilcox, is, in fact, identical with lot 6 of block 129 of the town of Minneapolis.

*D. A. Secombe,* for appellant.

*Kitchell, Cohen & Shaw* and *R. C. Benton,* for respondent.

GILFILLAN, C. J. Ejectment for lot 6, block 129, in Minneapolis, both parties claiming title. April 23, 1855, Dominicus M. Hanson purchased from the government a tract of land including the lot in controversy. April 25, 1855, he conveyed to Gilbert S. Hanson a tract of land including said lot. On the same day he conveyed to Carlos Wilcox certain lots in designated blocks, "according to the plat of Minneapolis and St. Anthony, in possession of said Carlos Wilcox," among them lot 6, block 66. The deed to Wilcox was recorded May 18, 1855; that to Gilbert S. Hanson August 4, 1855. August 4, 1855, the plat of Minneapolis was filed. Lot 6, block 129, on this plat was identical with lot 6, block 66, on the plat referred to in the deed to Carlos Wilcox. The deed to Wilcox contained, in addition to the designation by numbers of lots and blocks, other elements of description and identification, such as the locating of the

blocks with reference to a designated quarter-post, and to certain
streets, sufficient to identify lot 6, block 66, in the deed to Wilcox as
lot 6, block 129, upon the plat of Minneapolis, if the inquiry sug-·
gested thereby were followed up with diligence. ·The record of the·
deed was constructive notice of the fact that could thus have been
ascertained. *Ames* v. *Lowry*, 30 Minn. 283,. (15 N. W. Rep. 247.)

The title to the lot in question passing by the deed to Wilcox, that
deed, being first recorded, took precedence of the deed to Gilbert S.
Hanson. Wilcox conveyed lot 6, block 129, to one Valentine, by deed
dated August 16, 1855, and recorded August 21, 1855; Valentine·
conveyed the same lot to plaintiff, August 14, 1856, that deed being
recorded August 30, 1856; Gilbert S. Hanson conveyed lot 6, block
129, to Mattison, September 10, 1860, the deed being recorded Feb-
ruary 14, 1861; Mattison conveyed to Chase, February 6, 1863, the
deed being recorded March 26, 1863; and Chase conveyed to defend-·
ant September 28, 1866, the deed being recorded October 8, 1866.
On July 28, 1856, Valentine executed to plaintiff a bond for a deed
of "two lots numbered six (6) and seven, (7,) in block one hundred
and twenty-nine, (129,) being block sixty-nine (69) in the old survey,
in Minneapolis, in said county;" which bond was recorded about the·
time of its date. Of what the "old survey" mentioned in this bond.
was there does not appear to have been any evidence at the trial;
but appellant assumes that lot 6, in block 69, in that "old survey,"
was not identical with lot 6, block 129, Minneapolis. There was also·
a deed executed by Dominicus M. Hanson to Wilcox, dated June 13,
1855, and recorded May 27, 1856, conveying lots six (6) and seven (7)·
of block sixty-nine (69) of Hanson's addition to Minneapolis, and
locating the block with reference to the quarter-post and certain
streets, such locating being different from. that of block 66 in the·
prior deed between the same parties, and the block not being the·
same as block 129, Minneapolis.

On his assumption that lot 6, in block 69, in the "old survey,"
mentioned in the bond, was not identical with lot 6, block 129, Min-
neapolis, the appellant claims that, inasmuch as when he purchased
he procured from the register of deeds and relied upon an abstract of
title on which each of the instruments herein referred to, except the·

deed to Wilcox of April 25, 1855, and that to defendant, was set forth, he was, by reason of the description in the bond, excused from making the inquiry suggested by the facts stated by way of description in the deed to Wilcox of April 25, 1855, and that, therefore, the statement of such facts in that deed was not, by the record of the deed, constructive notice of what would have been ascertained by following the inquiries suggested by those facts, to wit, the identity of the lot described in said deed with lot 6, block 129, Minneapolis; and also that, by the description in the ·bond and its record, the plaintiff is. estopped from claiming that the deed to Wilcox of April 25, 1855, passed the title to lot 6, block 129, Minneapolis.

One proposition disposes of both of these claims. He had no right to rely on anything in that bond. He was not a party to it. He does not claim under either of the parties to it. The *status* of the title to lot 6, block 129, was fixed by the deed to Wilcox; and whether the recital in the bond, "being block 69 in the old survey in Minneapolis," be true or false, his grantor, Chase, had no title, and he could get none from him. He was called upon only to inquire as to Chase's title, and, in doing that, to go to the deeds executed by those through whom Chase claimed title, including that of Dominicus M. Hanson to Wilcox, of April 25, 1855. If that deed passed the title, (as it does,) what the holders of the title may have done with it was no concern of any one making or proposing to purchase an adverse. claim of title.

Judgment affirmed.
v.37 m—6