SUSANNAH BOTTORFF, *et al.*, Appellees, v. SAMUEL LEWIS, *et al.*, Defendants; MARTHA L. KELLAR, Defendant, Cross Petitioner and Appellant, AND THOMAS LEWIS, Defendant, Cro s Petitioner and Appellant.

Partition:   RELIEF GRANTED MUST CONFORM TO THE PLEADINGS.
1   The relief granted must always be consistent with the case made by the petition and embraced within its issues, and in a partition action it is error to award a party a greater interest in the property than claimed in the pleadings.

Dower Interest:   CHANGE BY LEGISLATION.   The dower interest of
2   a widow, which becomes vested on the death of her husband, cannot be changed by subsequent legislation to the prejudice of the heirs.

Mistake of Law:   EQUITABLE RELIEF: EVIDENCE.   Where one through
3   mistake or misapprehension of law parts with a private right of property when he otherwise would not have done so, equity will grant relief.   Evidence considered and held to show that certain deeds in so far as they affect the land in controversy were executed through mistake.

Limitation of Actions:   REMAINDERMAN:   MISTAKE.   The statute of
4   limitations will not commence to run against the rights of a remainderman until the termination of the life estate; nor for the cancellation or reformation of a deed on the ground of mistake until the mistake is discovered.

*Appeal from Keokuk District Court.*—HON. JOHN T. SCOTT, Judge.

FRIDAY, MAY 29, 1903.

SUIT for the partition of certain real estate and to quiet plaintiffs' title to certain interests therein.   Defendants denied plaintiffs' ownership, and claimed title in themselves.   Defendants Martha L. Kellar and Thomas Lewis each filed cross-petitions claiming title to certain interests in the land, asking for the reformation of certain deeds,

pleaded an estoppel, and other matters, which will be referred to in the body of the opinion. The trial court found for the plaintiffs, and the cross-petitioners appeal. —*Reversed.*

*C. H. Mackey* for appellants.

*D. W. Hamilton* for appellees.

DEEMER, J.—The facts are somewhat involved, and we shall have some difficulty in making a clear statement of them. Plaintiffs and defendants are children and heirs at law of William Lewis, deceased, who died intestate in the year 1854, leaving his widow, Chloe Lewis, and these children, ten in number, as his only heirs. In the year 1859 Thomas Lewis, one of the children, and a cross-petitioner in this case, made a deed to Elijah Jefferies of his interest in and to the lands of which William Lewis died seised. The granting part of this deed was as follows: "For the consideration of four hundred and eighty dollars ($480) I, Thomas Lewis hereby convey to Elijah Jefferies all of the right, title and interest bought of James P. A. Lewis, and also all my interest in the following described real estate, to-wit: [Here follows a description of the land in controversy.] This is intended to embrace only my interest in the estate of William Lewis, Sr., and not my interest that may accrue in the estate of Chloe Lewis, now a resident of Keokuk, Iowa, and I hereby warrant the title against all persons whomsoever." Elijah Jefferies married Susanna Lewis, the plaintiff in this case, and in the year 1895 he died intestate, leaving plaintiff, who afterwards married Bottorff, his widow, and five children, who are defendants in this case, surviving him. In the year 1861 Martha Kellar, defendant and cross-petitioner, and one of the children of William Lewis, deceased, made a deed of her interest in and to the lands of William Lewis to the plaintiff herein. The granting part of this deed

reads in this wise: "Know all men by these presents, that we Martha L. Kellar and Samuel Kellar of the County of Keokuk and State of Iowa, for the consideration of $215 in hand paid by Susanna Jefferies of the same county and state, hereby sell and convey and quitclaim unto the said Susanna Jefferies all our right title and interest in and to all the estate of William Lewis deceased of said County, hereby authorizing the said Susanna Jefferies to receive and use any and every part of the said estate, that has been or may yet be legally set apart as our share. We hereby forever releasing the same to her." In the year 1860 plaintiff and her husband, Jefferies, and Chloe Lewis, widow, as plaintiffs, commenced a partition suit, to which Martha L. Kellar and others were made parties defendant: Thomas Lewis was not, however, made a party to that suit. Chloe Lewis asked that her dower be admeasured in that proceeding. In the year 1862 a decree was entered in the partition suit finding that Chloe Lewis was entitled to one-third of the lands as dower; that Martha L. Keller was entitled to one-tenth of the estate; but making no finding as to the interest of Thomas Lewis. Referees were appointed, and they set off the land in dispute—something like seventy acres—to Chloe Lewis, and one-tenth, or about fifteen acres, to Martha Kellar. Chloe Lewis died in June of the year 1898, and this action to partition the seventy acres allotted to her as dower was commenced November 3, 1898. In the original petition plaintiff did not state what the share of any of the parties was, but she asked that they be fixed and determined, and partition or sale of the entire seventy acres made, and for other equitable relief.

Some of the defendants, including the Jefferies heirs, filed answers practically admitting the allegations of the petition, but the Jefferies heirs claimed title to the interests at one time owned by Martha Kellar and Thomas Lewis under the deeds hitherto quoted and a direct conveyance

from the plaintiff in the year 1899, after this action was commenced. These five Jefferies children asked that they each be adjudged owners of an undivided one twenty-fifth interest of said real estate. In an amended and supplemental petition, filed after this answer was made, plaintiff alleged that she was the owner of and entitled to a one tenth part of the real estate, and that each of the other children of William Lewis was entitled to the same share. Thereupon the Jefferies heirs answered, denying the allegations of this amendment.

Martha Keller answered, admitting the allegations of the petition, and pleaded by cross petition against the Jefferies heirs, averring that the deed she made to plaintiff, from which we have already quoted, did not convey her interest in and to the lands which she derived from her father; that, if it does convey such interest, it was through mistake and inadvertence, and she asked that the deed be reformed so as not to include this interest. She further pleaded that the deed from plaintiff to the Jefferies heirs was a quitclaim, and was made without any consideration. She asked that the Jefferies heirs be decreed to have no interest in the lands.

Thomas Lewis admitted the allegations of plaintiffs' petition and he also filed a cross-petition against the Jefferies heirs, in which he stated that his conveyance to Elijah Jefferies, made in 1859, did not cover the land in controversy, and that, if it did, it was through mistake, and he asked that the deed be reformed so as not to cover it, and that defendants to the cross petition were claiming under quitclaim. He also pleaded an estoppel, based on the decree of partition rendered in the year 1862. He further alleged that Elijah Jefferies paid him no consideration for the land, and that the deed was not intended to cover his interest in the property set apart to Chloe Lewis, the widow of William, and that defendants took their deed from plaintiff with full knowledge of these facts. He also

asked that defendants to the cross petition, the Jefferies heirs, be decreed to have no title, and that, if necessary, his deed made in the year 1859 be reformed.

The Jefferies heirs answered the cross petition of Martha Kellar by what is practically a general denial, and they also pleaded the statute of limitations as against any action for mistake or fraud in the execution of the deed by Martha Keller to plaintiff herein. To the cross petition of Thomas Lewis, they filed an answer, which was practically the same as the answer filed to the Kellar cross petition.

This statement of the issues seems necessary to an understanding of one of the contentions in the case. The trial court dismissed the cross petitions of Kellar and Lewis, found that plaintiff was entitled to seven thirtieths of the land, that the other children of William Lewis, deceased, save Martha Kellar and Thomas Lewis, were each entitled to a one-tenth interest in the lands, and that each of the Jefferies heirs was entitled to an undivided one seventy-fifth thereof, and sale was ordered of the land and division of the proceeds provided for in proportion to the respective interests of the parties. It will be observed from this somewhat lengthy statement of the facts and issues that the controversy is over seventy acres of land, which was allotted to Chloe Lewis, the widow of William Lewis, deceased, in a partition decree rendered in the year 1862. But for the conveyances to which we have referred, each of the children of William and Chloe Lewis would be entitled to an undivided one-tenth interest in the lands. If these conveyances were good, then plaintiff or her grantees would be entitled to one-tenth as heir of William and Chloe, to one-tenth as grantee of Martha Kellar, and one-third of one-tenth as widow of Elijah Jefferies, under the conveyance made by Thomas Lewis to him, Elijah Jefferies. The trial court, as we have seen, awarded to plaintiff the aggregate of these interests, to wit, seven-thirtieths. It will be observed that plaintiff did not ask for but one-tenth

interest in the land. She averred that Elijah Jefferies
never had any title to any part of the land, and asked that
it be decreed that his heirs never had any. The Jefferies
heirs claimed title through a deed made to them by plain-
tiff, the material part of which reads as follows: "For
the consideration of $1.00 and love and affection, I Sus-
anna Bottorff, hereby quitclaim to Rebecca Hadley, Eliz-
abeth Coffman, Asa Jefferies, Mattie Jones, and William
Jefferies the following real estate, situated in the County
of Keokuk and the State of Iowa, to wit: All my interests
in and to the west sixty acres of the east one-half of the
northwest one-fourth of section No. 25, and the south five-
eighths of the east one-fourth of the northeast one-fourth
of the southwest one-fourth and the south five-eighths of
the west twelve-eightieths of the northwest one-fourth of
the southeast one-fourth of section 24, all in township 74
north, range 10 west; derived by me from the deed of
conveyance made and executed by Martha L. Kellar and
Samuel Kellar to me, dated Feb. 26th, 1861, and recorded
in Book K, page 420 in the records of Keokuk County
Iowa. Also my interests in said real estate coming to me
by and through a certain deed of conveyance executed by
Thomas Lewis to Elijah Jefferies and Susanna Jefferies,
the intention being to convey all of my interests in said
real estate, which I am entitled to by and through the
deeds of Martha L. Kellar and Thomas Lewis in and to the
estate of William Lewis. Signed this eighteenth day of
January 1899." Although made while the internal rev-
enue law was in force, this deed bore no stamp, and was
objected to on that ground. It was a quitclaim, and in no
event conferred any greater rights on the grantees therein
than their grantor had. It will be observed that the real
controversy in the case is between the cross petitioners
and the Jefferies heirs over the interests at one time
owned by the cross petitioners, but which it was alleged
have passed through certain mesne conveyances to these

heirs. This being true, we do not understand the theory
1. PARTITION: on which the court awarded plaintiff seven-
relief: con-
formity     thirtieths of the land when she admitted she
with plead-
ings.     had but -an one-tenth interest therein, and
asked for no more than one-tenth. The relief granted
must always be consistent with the case made by the
petition and embraced within the issues. Code, section
3775. We have uniformly held that it is error for the
court to grant relief not called for by the petition, or a
judgment or decree different from that prayed for.
*Marder v. Wright,* 70 Iowa, 42; *Dist. Tp. v. Bank,* 88
Iowa, 194; *Tice v. Derby,* 59 Iowa, 312. The decree should,
in no event, have awarded plaintiff more than a one tenth
interest in the lands.

II. As to the issues on the cross petitions, the first
question to be considered is, what property was conveyed
by the deeds from Thos. Lewis to Elijah Jefferies and from
Martha Kellar to plaintiff? There have been many changes
in the laws of this state relating to the interest that a wife
has in the estate of her deceased husband. By the Code
of 1851, section 1394, the widow was given an estate in fee
to one-third in value of all the real estate of which her hus-
band died seised. The Fourth General Assembly changed
this to one-third in value as her property in dower; said
estate to be and remain the same as at common law, to-
wit, for her life. See chapter 61, page 97, Acts 4th Gen-
eral Assembly. Thus the law remained until the year
1862, when the Ninth General Assembly changed the
estate given the surviving wife to a fee simple. See 9th
General Assembly, page 173, chapter 151. William Lewis
died in the year 1859, so that the estate taken by his
widow was a dower estate for her natural life of one-third
in value of all the lands of which he died- seised. The
partition proceedings to which we have referred set aside
the seventy acres in controversy to the widow, Chloe

Lewis, as her dower. This being but a life estate, the heirs took title to all the land subject to the life estate in these seventy acres. The dower estate awarded the widow was not an estate of inheritance, and could not be bequeathed or conveyed so as to pass any interest to her heirs, or to strangers after her death. She could, of course, sell her dower estate after its allotment to her, but this estate was extinguished by operation of law through her death. When the conveyances were made by Thomas Lewis and Martha Kellar, this was unquestionably the law. One was made in the year 1859 and the other in the year 1861. Chloe Lewis' estate became vested on the death of her husband, and the legislature could not thereafter change it to the prejudice of the heirs. What, then, was conveyed by these deeds to which we have referred? There can be no doubt that the Kellar deed conveyed all of her interest in the estate of Thomas Lewis to the plaintiff. There is no reservation of anything. On the contrary, it refers to any part "that has been or may yet be legally set apart as her share." The Thomas Lewis deed is not quite so clear, perhaps, but it does convey all the interests he had in the estate of William Lewis, and reserves simply his interest in the estate of Chloe Lewis. This reservation must be read in the light of the law as it then existed. The grantor in the deed could never succeed to any interest in the land in controversy through Chloe Lewis, and her dower estate would not descend. She might, however, have acquired a fee simple estate in this or other lands, and the reservation must be held to relate thereto. We think this deed on its face conveyed all of Thomas Lewis' interest in the land in controversy to Elijah Jefferies. So much, then, for the deeds as they read.

The cross petitioners claim, however, that there was a mistake made in the deeds, and that they should be reformed so as to except therefrom the lands in controversy.

*Marginal note: 2. DOWER: interest: change by legislation.*

The testimony leaves no doubt in our minds that none of the parties thought, when these deeds were made, that they covered any part of the lands which had been or should be set aside to the widow, Chloe Lewis.    The impression then was that she took an estate in fee simple, and the reference in the Thos. Lewis deed clearly indicates the intention with which that deed was executed. Plaintiff does not claim that she or her husband ever contracted to buy the interest that it was supposed their grantors would get in the lands awarded to Chloe Lewis. Now, while it is true that mistakes in matters of law cannot be made the ground for relief in equity, this rule is not universal.    On the contrary, if a man, through mistake or misapprehension of law, parts with or gives up a private right of property upon grounds upon which he would not have acted but for such misapprehension, a court of equity may grant relief. *Baker v. Massey*, 50 Iowa, 399.    If an agreement be entered into between two parties in mutual mistake as to their relative and respective rights, either of these is entitled to have it set aside.    Kerr, Fraud and Mistake, page 309; *Stedwell v. Anderson*, 21 Conn. 139; *Canedy v. Marcy*, 13 Gray, 373; *Benson v. Markoe*, 37 Minn. 30 (33 N. W. Rep. 38, 5 Am. St. Rep. 816). — We are abidingly satisfied from the evidence that neither of the grantors in these deeds ever understood that they were purchasing any interest in and to the lands awarded Chloe Lewis as dower.    Many things tend to confirm this conclusion. After the death of Chloe Lewis, the plaintiff supposed that the appointment of an administrator for her estate was necessary, and some steps were taken in this direction.    She also told the cross petitioners, or one of them, that she wanted each of the parties to have one tenth. She refused to make any contest with these cross petitioners, or to pay out anything to secure her interests in the land.    Her children evidently wanted a lawsuit, and they

3. Mistake of law: equitable relief; evidence.

induced her to make the quitclaim deed to them that they
might carry on the litigation. They are evidently furnish-
ing the "sinews of war"; yet when they were virtually
defeated in their claim by an award of but one seventy-
fifth interest to each, they did not appeal, but seemed to
be content with a decree awarding their mother, the plain-
tiff herein, property which she did not claim, and which
she had deeded them by quitclaim deed. The evidence
also shows that Elijah Jefferies knew when he obtained
the deed that his grantor did not intend it to pass any in-
terest in the lands in dispute, and that he did not under-
stand that it did until he consulted a lawyer some time
after it was made. On the whole we are satisfied
that these deeds should be canceled in so far as they pur-
port to convey any part of the lands in controversy. De-
fendants to the cross petition, as we have said, do not
appeal. They were awarded a one seventy-fifth interest
in the lands as heirs of Elijah Jefferies, their deceased
father. Plaintiff, as we have seen, was entitled to but
one-tenth interest in the lands. She conveyed any other
interest she might have had to the defendants the cross
petitioners by the quitclaim deed. True, this deed was
not stamped, but it nevertheless was admissible in evi-
dence, and clearly defeated any interest she might have
had through the Kellar and Lewis conveyances. *Mitchell
v. Ins. Co.*, 32 Iowa, 421; *Hall v. Cardell*, 111 Iowa, 206.
The record points inevitably to the conclusion that the
deeds which lie at the foundation of the claims of the
Jefferies heirs were executed through mistake in so far as
they cover any part of the land in controversy.

But it is said that appellants' actions on their cross
petitions are barred by the statute of limitations. If
these actions be treated as for recovery of possession or

4. LIMITATION
of actions: re-
maindermen
mistake.
for trespass, there is no doubt that the statute
did not begin to run until the termination
of the life estate of Chloe Lewis, for

it is elementary that no such cause of action accrues in favor of a remainderman until the termination of the life estate. If the suits are for the cancellation or reformation of the deed on the ground of mistake, the statute did not begin to run until the mistake was discovered. Code, section 3448, and cases cited. There is no doubt that the mistake as to the effect of these conveyances was not discovered until a short time before the bringing of this action. True, the deeds were recorded many years ago, but there is no evidence that the grantees were contending that they covered the lands in controversy until shortly before the bringing of this action. Had the grantees therein claimed no more than the parties intended to convey, there would have been no controversy. Until they made claim that they covered the land in dispute, there was nothing to indicate to the cross petitioners that there had been any mistake. As supporting these conclusions, see *Eggspieller v. Nockles*, 58 Iowa, 649; *Clapp v. Greenlee*, 100 Iowa, 599; *Manatt v. Starr*, 72 Iowa, 677. No matter, then, what the theory on which the cross petitions are based, they are not barred by the statute of limitations. The cases relied on by appellees' counsel are not in point. They all involved the question of the discovery of the character of a fraudulent conveyance.

The trial court was in error in awarding the plaintiff more than a one-tenth interest in the land, and in allotting to the Jefferies heirs anything. It was also in error in dismissing the cross-petitions filed by Thomas Lewis and Martha Kellar. These parties should each have been awarded an one-tenth interest in the lands; and the claims of the Jefferies heirs under their deed from the plaintiff, their mother, should have been disregarded.

The decree is reversed and the cause remanded for judgment in harmony with this opinion.—REVERSED.