COLUMBIAN NAT. FIRE INS. CO. et al. v. DIXIE CO-OP. MAIL ORDER HOUSE et al.   (No. 520–4198.)*

(Commission of Appeals of Texas, Section B. Oct. 14, 1925.)

1. **Insurance ⬤⟲365(1)—That insured did not know of revocation of agency of local agent paid to reinstate policy held immaterial.**

Where local soliciting agent had by terms of policy no authority to reinstate policy canceled by company for nonpayment of premium, it was immaterial that insured, when making payment to him for such reinstatement, did not know his agency had been revoked.

2. **Accord and satisfaction ⬤⟲20—Compromise and settlement ⬤⟲8(4)—Insured's release of insurers, based on mutual mistake as to number of companies liable, held not accord and satisfaction.**

Release in full by insured to insurers on their paying amounts agreed on as their proportion of the fixed loss, having been under mutual mistake that another company was also liable on the loss, and payment by insurers having been of a less sum than that ascertained to be actually due *held* not an accord and satisfaction so as to prevent further recovery from them.

3. **Contracts ⬤⟲93(4)—Rule that court will not relieve against mistake of general rules of law inapplicable to private rights.**

General rule that court will not relieve against a mistake of general rules of law has no application to mistakes of persons as to their own private legal rights and interests.

4. **Insurance ⬤⟲603—Mistake by which insured released insurers in erroneous belief as to number of companies liable was one of fact.**

Mistake by which insured released insurers on their paying amounts agreed on as their proportions of fixed loss, in erroneous belief that another company was also liable on the loss, was one of fact.

5. **Accord and satisfaction ⬤⟲17—Accord without satisfaction does not bar.**

An accord without satisfaction does not bar.

6. **Garnishment ⬤⟲191—Sum allowed garnishee for filing answer held part of costs against unsuccessful defendants.**

Sum allowed for filing answer in garnishment proceedings, which were auxiliary to main

suit, *held* properly charged against unsuccessful defendants as part of costs of suit.

**7. Appeal and error ⬩⟳742(1)—Reviewing tribunals confined to propositions predicated on assignments of error.**

Reviewing tribunals, in considering propositions, are confined to such propositions as are predicated on assignments of error.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Dixie Co-Operative Mail Order House against the Columbian National Fire Insurance Company and others. Judgment for plaintiff against all but one of defendants was reformed and affirmed in the Court of Civil Appeals (261 S. W. 174), and they bring error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, and Andrews, Streetman, Logue & Mobley, of Houston, for plaintiffs in error.

Vinson, Elkins, Woods & Pollard, and Taliaferro & Sonfield, all of Houston, for defendants in error.

SPEER, J. The Dixie Co-operative Mail Order House brought this suit against the United Mutual Fire Insurance Company and nine other fire insurance companies to recover the sum of $6,810.29, alleged to be the balance due upon a loss caused' by fire to property of plaintiff, upon which each of the defendants had issued its policy of insurance, the aggregate of such policies being $68,000. The plaintiff's petition alleged the amount of each policy, and that, under the terms of such policies, each company was liable to it for its pro rata share of any loss by fire; that during the life of said policies it sustained a loss by fire; that all of the defendants except the United Mutual Fire Insurance Company recognized their liability and entered into an agreement with the plaintiff to the effect that the amount of plaintiff's loss was $46,310; that the United Mutual Fire Insurance Company did not participate in the adjustment, that company denying its liability upon the ground its policy had been canceled prior to the fire for nonpayment of the premium. It alleged that the plaintiff and the other nine defendant companies, assuming that the United Mutual Fire Insurance Company was liable notwithstanding its denial, apportioned the said $46,310 to the ten defendants, the share apportioned to the United Mutual Fire Insurance Company being $6,810.29; that under the arrangement the damaged goods were salvaged through the Underwriters Salvage Company for the benefit of the insurance companies, and the share of such salvage apportioned to the United Mutual Fire Insurance Company was $2,182.87. The nine defendant companies acknowledging liability paid to the plaintiff the respective portions allotted to them, and took from it a release in full of all liability.

The plaintiff sought primarily to recover the $6,810.29 from the United Mutual Fire Insurance Company, and, in the alternative, if its policy was not a valid policy, to recover said amount from the remaining nine defendants. It also garnished the salvage company as against the United Mutual Fire Insurance Company to reach the $2,182.87 held by it. All of the insurance companies except the United Mutual Fire Insurance Company filed a joint answer tendering the issues that the policy of the United Mutual Fire Insurance Company was a valid policy and that company liable to plaintiff, and further an accord and satisfaction by reason of the adjustment and payment above mentioned; the United Mutual Fire Insurance Company answered pleading that it was not liable to the plaintiff because the premium on its policy was never paid to it, and that the policy was canceled by it prior to the fire. The trustee in bankruptcy for the Dixie Co-operative Mail Order House intervened and joined with plaintiff in seeking to recover. The Underwriters Salvage Company answered and admitted that it held $2,182.87, part of the proceeds of the damaged property under the arrangement above set out.

The case was tried without a jury, and resulted in a judgment that the plaintiff take nothing against the United Mutual Fire Insurance Company, and that it recover of the other defendants judgment for specific sums aggregating $6,810.29, the same to be credited with $2,182.87, for which sum it had judgment against the garnishee, the salvage company. The trial court likewise allowed the salvage company an attorney's fee of $100, and taxed the same as cost against the defendants other than the United Mutual Fire Insurance Company. The defendants who suffered judgment appealed to the Court of Civil Appeals, and that court, upon a slight reformation of the judgment as to interest allowed, affirmed the judgment of the trial court. 261 S. W. 174. The cause is now before us upon writ of error granted to the judgment of affirmance by the Court of Civil Appeals.

Plaintiffs in error's first group of assignments raises the point that the United Mutual Fire Insurance Company is liable to the plaintiff, for which reason they are in no event liable, and the judgments of the trial court and the Court of Civil Appeals therefore erroneous. This involves a consideration of the authority of the local agents of that company to accept a belated payment of the premium. The agreed statement of facts contains the following:

"On April 15, 1920, the Parlati & Del Barto Insurance Agency were the duly authorized agents of the United Mutual Fire Insurance Company. On that date, through that agency

the plaintiff contracted for a one-year fire insurance policy. The policy was issued, and was for $10,000, and described the plaintiff's stock. The premium on the policy was $109, and was not promptly paid to the agents issuing the policy. On June 5, 1920, the United Mutual Company notified the plaintiff by registered letter that the policy had been canceled for nonpayment of the premium. This notice was received June 7, 1920. This letter provides: 'Please take notice that your policy of insurance No. 94012, issued by the United Mutual Fire insurance Company through Parlati Insurance Agency, its agents at Houston, Tex., and dated the 15th day of April, 1920, is hereby canceled, and that five days after this notice the same will close and be of no effect.' * * * On June 21, 1920, the plaintiff sent to Parlati & Del Barto Insurance Agency its check for $109 in payment of the premium under policy No. 94012. This check was cashed by said agency. Neither this sum nor any part of it has been refunded to plaintiff. At the time the check was sent, the agency of Parlati & Del Barto had been revoked by the United Mutual Fire Insurance Company."

The policy contains the following provisions:

"10. This policy shall be canceled at any time at the request of the insured, or by the company by giving five days notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid in cash, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium, returning the balance to insured upon his surrendering this policy to the company at Houston, Tex."

"26. The agents of this company, other than the president, vice president, secretary, or treasurer, have no authority to represent it unless authorized by one of said officers in writing, except in the solicitation of applications for insurance, and, if the home office shall issue a policy upon such application, the soliciting agents have authority to deliver said policy and receive in payment the amount of the premium. But no agent of this company, except the above-named officers at the home office, has any authority to grant any extension of the payment of any premium hereunder, or make any agreement other than herein contained with reference thereto, or to renew or extend this policy if it should lapse for any cause, or to waive, change, or alter any of the provisions, stipulations, and conditions in said policy, without the written consent of one of the above-named officers, all of which is hereby mutually understood and agreed."

As stated by the Court of Civil Appeals, it is not shown that the defendant in error had notice of the revocation of the authority of Parlati & Del Barto Insurance Agency at the time the check for the premium was sent to said agency; nor is there any evidence that the United Mutual Fire Insurance Company received any part of the $109 paid to Parlati & Del Barto Insurance Agency, or knew that such payment had been made.

[1] We agree with the Court of Civil Appeals that it was immaterial that defendant in error did not know, at the time it paid the premium to Parlati & Del Barto, that their authority as local agents had been revoked, for the reasons stated, that under the limitations of the authority of its representatives, as set forth in the policy of insurance, Parlati & Del Barto had no authority to accept the premium tendered by defendant in error after the policy in question had been canceled by the company and thus in effect to renew or extend the policy.

[2] Plaintiffs in error's main insistence, however, is based upon their defense of accord and satisfaction growing out of the full release by defendant in error upon the respective payments by them under the adjustment heretofore referred to. The agreed statement of facts contains the following:

"That the amount of said loss was fixed at $46,310, and this amount was agreed to as the amount of the loss by each and all of the above-named insurance companies and the Dixie Co-operative Mail Order House. * * * That said 9 insurance companies, exclusive of the United Mutual Fire Insurance Company, and the Dixie Co-operative Mail Order House, agreed that said loss amounted to $46,310. That said loss did amount to the said sum of $46,310. * * * That at the time of agreeing on the amount of said loss and submitting proofs of loss to the above-named insurance companies both the said insurance companies and the Dixie Co-operative Mail Order House believed that there were at the date of this fire outstanding and in full force and effect 10 policies of insurance in the total sum of $68,000."

The facts here shown were duly pleaded by defendant in error. The Court of Civil Appeals held upon this point that the settlement was not binding and final because of a mutual mistake as to the liability of the United Mutual Fire Insurance Company, and because the payment by plaintiffs in error of a less sum than that ascertained to be actually due could not operate as a full satisfaction of the entire amount. We think that court was right in its conclusion upon both grounds.

[3, 4] It is argued by plaintiffs in error that the mistake was with respect to a question of law, and therefore could not support a plea for equitable relief. But we think the mistake was more analogous to a mistake of fact than to one of law. While the general rule is well settled that a court will not relieve against a mistake of law, it is also generally held that such rule is confined to mistake of the general rules of law, and has no application to the mistake of persons as to their own private legal rights and interests. Private right of ownership is a matter of fact; it may be, and most frequently, of course, is, the result also of law.

So that, if parties contract under a mutual mistake and misapprehension as to such rights, the result is that the agreement is liable to be set aside as having proceeded upon a common mistake. The gist of the understanding of the parties to this settlement was that defendant in error held a valid insurance policy against the United Mutual Fire Insurance Company in the sum of $10,000, and upon this understanding the settlement was made. This understanding rested upon the belief that such policy in fact existed, whereas it has been determined that no such policy did exist. It is true in a secondary sense that whether or not defendant in error held such a policy depended, of course, upon certain legal principles. This nevertheless is true of every question of ownership of property, and no one can doubt that ownership of property is in a broad and important sense a question of fact, as to which representations do bind. See Bottorff v. Lewis, 121 Iowa, 27, 95 N. W. 262; Reggio v. Warren, 207 Mass. 525, 93 N. E. 805, 32 L. R. A. (N. S.) 340, 20 Ann. Cas. 1244; Stahl v. Schwartz, 67 Wash. 25, 120 P. 856; Cooper v. Phibbs (Eng.) L. R. 2, H. L. 149, 170, 22 E. R. C. 870.

[5] Aside from the question of mutual mistake, plaintiffs in error cannot maintain their plea of accord and satisfaction, because, to say the most, there has been an accord only, but no satisfaction. The quotations from the facts already set forth show indisputably that the amount of the loss sustained by defendant in error was $46,310, and the undisputed facts show that there remains unpaid of this agreed loss the sum sued for herein. It is well settled that an accord without satisfaction does not bar. So that, plaintiffs in error's showing there was a controversy originally between the parties as to the amount of the loss comes to nothing, in passing upon their plea of accord and satisfaction, because that controversy was consummated in an agreement that the actual loss was as above stated, and it is undisputed that the agreed loss has not been paid. There is nothing, therefore, to ameliorate the force of the rule applied by the Court of Civil Appeals that, where a fixed sum is due, the release of the entire sum upon a payment of a part only is without consideration as to the unpaid portion.

[6, 7] The Court of Civil Appeals held there was no error in charging plaintiffs in error, as a part of the cost of this suit, $100 allowed to the garnishee for filing an answer in the garnishment proceeding. We are inclined to think, under the peculiar facts of this case, that this holding was correct. But, whether so or not, we will not pause to consider, because there was no assignment of error in that court presenting this question, and the court therefore could not have sustained the complaint. A proposition was presented in the Court of Civil Appeals, complaining of the matter, but it was not predicated upon any assignment. Assignments cannot be thus enlarged. Baleja v. Henderson, 241 S. W. 1080; Colorado, etc., v. Rowe, 224 S. W. 928.

We find no error in the proceeding and the judgment of the Court of Civil Appeals should be affirmed, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.