COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| NICOLAS FIBELA, | § | No. 08-23-00165-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law No. 6 |
| | § | |
| KAREN M. WOOD, | § | El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2019DCV1242) |

## **OPINION**

Appellant Nicolas Fibela (Fibela) appeals a trial court judgment in favor of Appellee Karen Wood (Wood) in a case involving an attempted sale of real property. Disregarding the issues Fibela raises that were previously ruled upon by this Court, and finding no error in the trial court's judgment on Fibela's sole remaining issue, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are laid out in our prior opinion, *Fibela v. Wood*, 657 S.W.3d 664 (Tex. App.—El Paso 2022, no pet.). On February 16, 2015, Fibela and Wood entered into a contract for the sale of a house in El Paso (the Contract). According to the Contract, Fibela was to pay Wood $15,000 cash at closing, and the remaining $115,000 of the purchase price was to be seller-financed. The closing did not take place on April 10, 2015, according to the Contract terms,

because it was discovered that Wood was not the owner of the property. Rather, the actual property owners were Christine and Christopher Norris, Wood's daughter and then-son-in-law. The parties do not dispute that although Wood eventually obtained title to the property in 2017, she neither owned the property at the time the Contract was executed nor at the time of the closing, under the Contract's terms.

In his original petition, Fibela alleged a claim for breach of contract, arguing that he fully performed his contractual obligations whereas Wood had repudiated the contract and caused him damages. He sought economic damages or, in the alternative, specific performance of the Contract. Wood entered a general denial of all allegations and alleged the affirmative defenses of statute of limitations and mutual mistake. Wood then moved for summary judgment, arguing the Contract was unenforceable given that Wood did not have title on the day the parties entered the Contract, and the Contract should be avoided as a result of Wood's unilateral mistake. After Fibela amended his petition to add a statutory fraud claim, Wood amended her motion for summary judgment to include that claim, arguing there was no evidence Wood knowingly made a false misrepresentation for the purpose of inducing Fibela to contract for the sale of the property.

The trial court granted Wood's motion, Fibela appealed, and this Court affirmed in part and reversed in part. *Fibela*, 657 S.W.3d at 676. Having found Fibela failed to present more than a scintilla of evidence supporting his statutory fraud claim, this Court affirmed the summary judgment on that claim. *Id.* at 674. But finding Wood failed to carry her summary judgment burden on the breach-of-contract claim and failed to conclusively establish her affirmative defense of unilateral mistake, we remanded for further proceedings on the breach-of-contract claim. *Id.* at 674–76.

2

On remand, the trial court found in Wood's favor and ordered Wood to repay Fibela his earnest money plus interest. Arguing the trial court erred in finding for Wood at trial, and also attempting to revive his arguments that the trial court erred in its summary judgment ruling, Fibela appealed. The trial court did not issue findings of fact and conclusions of law.

## REVIEW OF A PRO SE BRIEF

As a preliminary matter, we address Wood's argument that all of Fibela's issues on appeal should be overruled for inadequate briefing. As this Court has recognized, pro se litigants are afforded some leniency in that reviewing courts are to review their briefs "liberally and with patience," yet they are not excused from complying with rules of procedure. *Fibela*, 657 S.W.3d at 671; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

While heeding this instruction, we are mindful to not review the briefs so rigidly as to effect a waiver of the party's right to appeal. *See Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) ("[B]riefs must also be . . . reasonably construed so that the right to appeal is not lost by waiver." (internal citation omitted)). In this Court's prior opinion in the same case, Wood similarly argued that Fibela's appeal should fail for inadequate briefing because Fibela failed to cite to the record. *Fibela*, 657 S.W.3d at 671. This Court noted that Fibela's brief presented his issues and summarized the evidence. *Id.* Since the clerk's record was short and Fibela cited legal authority in his brief, we determined that his appeal was reviewable. *Id.*

Because we are presented with an identical situation here—Fibela presents distinct issues for review; the record is short with only a single exhibit in evidence; and he cites legal authority—we similarly determine that his appeal is reviewable. However, we do not consider the additional facts Fibela recites in his brief that are not in the record, nor do we consider the additional documents Fibela attaches to his brief that are not in the record. *See Barton v. Barton*, 584 S.W.3d

147, 152 (Tex. App.—El Paso 2018, no pet.) ("documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court"); see also *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("we . . . must consider a case based solely upon the record filed").

## SUMMARY JUDGMENT ISSUES

Fibela's first three issues relate to the trial court's previous order,[1] which Fibela appealed, and which we already addressed in *Fibela*, 657 S.W.3d at 664. As discussed above, we affirmed summary judgment on Fibela's statutory fraud claim and remanded the case for further proceedings on Fibela's breach-of-contract claim. *Id* at 676. And on remand, the parties litigated the breach-of-contract claim in a bench trial. To the extent the summary judgment issues were disposed of in Fibela's favor in our prior opinion, they are moot, as re-opining on the same issues would have no practical legal effect and would amount to nothing more than "a mere academic exercise." *See Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex. App.—El Paso 2010, no pet.) ("when an actual controversy no longer exists between the parties, the decision of an appellate court would be a mere academic exercise") (quoting *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex. App.—El Paso 1994, no writ)).

And to the extent Fibela attempts to resurrect his statutory fraud claim, which was disposed of in Wood's favor in our prior opinion, his attempt is barred by the law-of-the-case doctrine. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (a court of appeals' decisions

---

[1] Fibela attempts to resurrect his arguments that the trial court erred in granting summary judgment because (1) Wood failed to satisfy all elements of her affirmative defense, (2) Fibela presented more than a scintilla of evidence to support his claim, and (3) Wood failed to disprove at least one element of each of Fibela's causes of action.

regarding questions of law are generally binding on both the trial court and the court of appeals in subsequent stages of the litigation).

Accordingly, Fibela's first through third issues are overruled.

## BREACH-OF-CONTRACT CLAIM

Fibela's fourth and only remaining issue is his contention that the trial court erred in refusing to "ascribe legal and enforceable status to the contract in question, primarily on the basis that the Defendant['s] name is absent from the title document [and] therefore was not titled owner of the property at the time the parties entered into the contract." Construing Fibela's brief liberally, we understand Fibela's argument as generally challenging the court's judgment in favor of Wood on his breach-of-contract claim.

When a trial court does not enter findings of fact and conclusions of law, its judgment will be affirmed *on any theory supported by the record*, and reviewing courts are to imply all findings necessary to support the judgment. *Escalante v. Escalante*, 632 S.W.3d 573, 578 (Tex. App.—El Paso 2020, no pet.) (emphasis added). Fibela argues the Contract is valid, as "[i]t will be proven that the name is not needed to be on the title to validate the contract at the time of assigning." This Court acknowledged that "[absent] an agreement to the contrary, it is unimportant that the vendor's title is bad . . . at the time the contract is made[] if it is made in good faith and he is prepared to convey the title guaranteed at the time set for performance." *Fibela*, 657 S.W.3d at 675–76 (quoting *MTrust Corp. N.A. v. LJH Corp.*, 837 S.W.2d 250, 254 (Tex. App.—Fort Worth 1992, writ denied)). However, Wood argues the record supports the trial court's finding on the basis of Wood's affirmative defense of mutual mistake. We agree.

5

### A. Applicable law and standard of review

We assess mutual mistake in terms of a mistake of fact, and "if parties contract under a mutual mistake and misapprehension as to [their own private legal] rights, the result is that the agreement is liable to be set aside as having proceeded upon a common mistake." *Furnace v. Furnace*, 783 S.W.2d 682, 686 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd w.o.j.) (quoting *Columbian National Fire Insurance Co. v. Dixie Co-op*, 276 S.W. 219, 221–22 (Tex. Comm'n App. 1925, judgm't adopted)).

When, as here, a trial court acts as the fact-finder, reviewing courts review the judgment at trial under a legal and factual sufficiency standard. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000). A challenge to the legal sufficiency of the evidence is essentially a no-evidence challenge. *Wolf v. Starr*, 617 S.W.3d 898, 903 (Tex. App.—El Paso 2020, no pet.). A no-evidence challenge succeeds if the record demonstrates:

(1)  the complete absence of a vital fact;

(2)  the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact;

(3)  the evidence offered to prove a vital fact is no more than a scintilla; or

(4)  the evidence establishes conclusively the opposite of the vital fact.

*E. Tex. Educ. Ins. Ass'n v. Ramirez*, 631 S.W.3d 908, 918 (Tex. App.—El Paso 2021, pet. denied) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)). The question under a legal sufficiency review is whether the evidence presented at trial would enable reasonable, fair-minded people to reach the decision under review. *Id.* In answering this question, we consider the evidence in a light most favorable to the trial court's decision, and we credit any evidence that is favorable

thereto and disregard any contrary evidence unless a reasonable fact-finder could not do so. *Id.*; *City of Keller*, 168 S.W.3d at 827.

When reviewing a trial court's decision for factual sufficiency, reviewing courts determine whether the evidence supporting the judgment is so weak as to render the judgment clearly wrong or manifestly unjust. *Ramirez*, 631 S.W.3d at 918. We must defer to the fact-finder with respect to judgments about the credibility of the witnesses and the weight of the evidence, and we are not to substitute our judgment for that of the trier of fact, even if we would reach a different answer upon review of the evidence. *Id.*

## B. Analysis

To prove mutual mistake, Wood had the burden to show "(1) a mistake of fact, (2) held mutually by the parties, (3) which materially affects the agreed-upon exchange." *De Monet* v. *PERA*, 877 S.W.2d 352, 357 (Tex. App.—Dallas 1994) (quoting Restatement (Second) of Contracts § 152 (Am. L. Inst. 1981)). To have a material effect on the agreed-upon exchange, the alleged mistake must relate to the subject matter and substance of the agreement; in other words, it must be "essential to an understanding of the consequences of the agreement." *Id.* at 357 (quoting *Plains Cotton Co-op Ass'n v. Wolf*, 553 S.W.2d 800, 805 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.)). A mutually mistaken understanding regarding ownership of real property materially affects a contract for its sale, and courts have recognized that "[a]n instrument based on a mutually mistaken understanding of ownership of a real property interest can be set aside by a court of equity." *Hardy v. Bennefield*, 368 S.W.3d 643, 650–51 (Tex. App.—Tyler 2012, no pet.); *see also Dixie Co-op*, 276 S.W. at 222 ("[I]f parties contract under a mutual mistake and misapprehension as to [private rights of ownership], the result is that the agreement is liable to be set aside as having proceeded upon a common mistake.").

7

Here, the record contains legally and factually sufficient evidence that both Wood and Fibela operated under the mistaken belief that Wood was the owner of the property when they contracted for its sale.

Wood testified at trial that she thought she had the title to the property when she entered into the Contract. In her affidavit, she averred that she believed she could sell the property—her daughter and her daughter's then-husband owned the property subject to a deed of trust with a promissory note with Wood as the payee, and at the time, Wood did not understand that she could not sell the property without a deed in lieu of foreclosure. Wood's summary judgment evidence reflects that Wood was neither the title holder of the property when she entered into the Contract nor the title holder of the property at the time of the closing date under the Contract; instead, it reflected that she did not receive title to the property until 2017, well after the closing date. And during trial, Fibela admitted he did not know that Wood did not own the property at the time they entered into the Contract; it was not until later that he found out.

This mutual mistake as to ownership is material to the parties' performance under the Contract because, as a matter of law, one does not have a right to sell what she does not own. *See Willis v. S. L. Ewing Co.*, 348 S.W.2d 415, 417 (Tex. App.—Dallas 1961, no writ) ("One who buys property from a person who neither owns it nor is authorized by the owner to sell it receives no title . . . ." (quoting *Seigal v. Warrick*, 214 S.W.2d 883, 884 (Tex. App.—Amarillo 1948, writ ref'd n.r.e.))). Here, the trial court rightly restored the parties to their status quo ante. *See PERA*, 877 S.W.2d at 356 ("Where a mutual mistake exists, the parties are entitled to rescind their contract and be restored to positions held before entering the contract."). And to avoid unjust enrichment, the trial court awarded Fibela the $500 he paid as earnest money under the Contract. Although he

8

claims to have suffered additional damages in the amount of $13,000, there is no proof of these alleged damages on the record.

Accordingly, Fibela's fourth issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


LISA J. SOTO, Justice

December 15, 2023

Before, Palafox, and Soto, JJ., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.), sitting by assignment